VTN PACIFIC, INC., Lienor-Appellee *v.* BISHOP DEVELOPMENT, INC., a Hawaii corporation, et al., Owner-Appellee, SECURITY PACIFIC MORTGAGE CORPORATION, Mortgagee-Appellant, and GISELA LEMINSKY, et al., Lien Claimants-Appellees

NO. 6496

JUNE 17, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* This is an appeal from an order entered pursuant to HRS § 507-43 (Supp. 1975), granting an application for a mechanics lien and directing the attachment of such lien. No order has been entered allowing the appeal pursuant to HRS § 641-1(b) (Supp. 1975). Appellee VTN Pacific, Inc., has moved to dismiss the appeal as interlocutory. Appellant has responded, stating agreement that the order is not final and appealable, but expressing uncertainty and concern that Appellant's rights might be adversely affected if this question is not ruled upon by this court.

The proceeding contemplated by HRS § 507-43 is initiated by an application claiming a lien on described property, with notice to persons with interests in the property. The application and notice are returnable before the circuit court upon a return day which shall be not less than three nor more than ten days after service. On the return day, a hearing is held to determine whether probable cause exists to permit the lien to attach to the property. The lien attaches only if the court finds probable cause exists and so orders, and expires three months after entry of the order unless proceedings are

commenced within that time to collect the amount due by enforcing the lien.

The proceeding thus described resembles and is similar in substance to a proceeding to make effective a garnishment or attachment. Although not expressly so stated in HRS § 507-43, we think it is clear that the court's determinations in a proceeding on an application for a mechanics lien have no effect upon the determination of any issues in the action to enforce the lien. *Cf.* HRS § 652-1.5(g) (Supp. 1975). "Ordinarily, an order granting . . . an attachment is interlocutory and non-appealable." 9 MOORE'S FEDERAL PRACTICE, ¶ 110.13 [5] (1975). We conclude that the order appealed from in this case is not a final judgment but is interlocutory and not appealable except as provided in HRS § 641-1(b). *BDM, Inc. v. Sageco, Inc.,* 57 Haw. 73, 549 P.2d 1147 (1976).[1]

The appeal is dismissed.

*James N. Duca (Donahoe & Duca* of counsel) for Lienor-Appellee for the motion.

*Michael F. O'Connor (Barlow & O'Connor* of counsel) for Mortgagee-Appellant, contra.

---

[1] We express no opinion whether an order *denying* probable cause for a mechanics lien would be immediately appealable as of right. HRS § 507-43(a) provides that a mechanics lien "shall not attach to the property until the court finds probable cause exists and so orders". A denial of probable cause might be immediately appealable if (1) such denial would finally preclude the attachment of a lien or (2) even if such denial were subject to reconsideration, a delayed appeal would be an inadequate remedy where priority in time is at issue.