KOGA ENGINEERING & CONSTRUCTION, INC., Lienor-Appellant, *v.* CASTLE HILLS VENTURES, LJ, LTD., CALIFORNIA PACIFIC DEVELOPMENT CORP., DESERET PACIFIC MORTGAGE CORPORATION, AMERICAN SAVINGS AND LOAN ASSOCIATION, BANK OF HONOLULU, THE FATHERS OF THE SACRED HEARTS, ROGER S. and SUSAN M. INOUYE, REYMUND D. and CYNTHIA B. POLENDEY, ROBERT R. and ELIGIA S. RUMBAOA, LANCE L. and LEILANI M. LUKE, GLEN T. and ZENOBIA K. M. OUE, MILTON T. and JOSEPHINE COSME, PETER TADAO and LILA TOKIE KURANO, JOHN W. and CHERYL CHUN BATES, PATRICK K. and ELIZABETH P. KANEKOA, ROBERT H. Y. and SHARON Y. M. FU, RICHARD J. and JAN Y. KUNIYOSHI, JESSE LAZO and BEVERLY JANE JUAN, HARRY M. K. and JULIANNE H. MORITA, BRUCE E. and SUSAN R. EGGE, RALPH T. and TROY T. NAKAMURA, DENNIS OLIVER MANALILI and JERELENE MARGARET AIO, LANCE HIDEO SHIBATU and NADINE AKIKO NAKAI, GARY DEAN and JANE SACHIKO WILLIAMS, UA SAWATPANICH and CHARLES F. STRECK, JR., MICHAEL W. PETERS and KARUNA L. JOSHI-PETERS, ROBERT KATSUMI and GLADYS SAEKO MATSUSHITA, REGINALD TAM HEE and NADINE YUK NGAN WONG, SHELDON R. and KERRIE LYNN MURATA, YASUYUKI and DORIS S. K. and KUKUJI MORISHITA, MICHAEL Y. K. and ROWENA Y. L. LIU, RICHARD W. K. and FOO QUON, THOMAS K. H. CHING, CALVIN MASATOSHI SHISHIDO, MELANIO G. FERNANDO and JUDY K. GUNTER, CLAYTON H. and GEORGETTE A. O. ING, RICHARD WILLIAM and REMEDIOS CAGALAN HARTMANN, KATHERINE EMIKO MAKINANO, MARVIN WAI CHAU CHING, RONALD T. and NORMA KOBASHIGAWA, CALVIN TATSUMI and BARBARA ASAKO AKAMINE, ISAAC M. and PATRICIA W. KOSASA, DAVID and MERNAL FUMI LEE-ANDREW MIYASATO-CRAWFORD, ANDREA C. KUALAPAI, RICHARD S. and LINDA M. CHUNG, GUY A. and KATHLEEN ANZAI, DOE ENTITIES 1-100,

152

(M. L. 86-0023)

and

GRACE PACIFIC CORPORATION, formerly known as GRACE BROTHERS, LIMITED, Lienor-Appellant, *v.* CASTLE HILLS VENTURES, et al., Respondents-Appellees

(M. L. 86-0028)

APPEAL NO. 11703

JANUARY 22, 1988

BURNS. C. J., HEEN, J., AND CIRCUIT JUDGE FRANK T. TAKAO IN PLACE OF ASSOCIATE JUDGE HARRY T. TANAKA, RECUSED

OPINION OF THE COURT BY BURNS, C. J.

Plaintiff Koga Engineering and Construction, Inc. (Koga), appeals the lower court's September 24, 1986 Order Directing Lien to Attach, which partially granted and partially denied Koga's March 12, 1986 Lien Application. The order apportioned liens totaling $359,832.86 against various fee and lease interests in the various land subdivisions and improvements involved in this case.[1] Being dissatisfied with less than a $379,101.70 lien against the entire

---

[1] The lower court imposed the following liens:

1. *The subdivision proper:*
   a. $3,699.03 on Castle Hill Venture's (Developer's) leasehold interest in each of the 85 unsold house lots, totaling $314,417.55.

property, Koga appealed. We conclude that the September 24, 1986 Order Directing Lien to Attach is a nonappealable interlocutory order.

The dispositive issue is whether Koga can immediately as of right appeal the September 24, 1986 order partially granting and partially denying its lien application. Our answer is no. Koga must first obtain permission under Hawaii Revised Statutes (HRS) § 641-1(b) or Hawaii Rules of Civil Procedure (HRCP) Rule 54(b) as appropriate.

The issue decided by the lower court was whether there was probable cause for the attachment of the $379,101.70 lien sought by Koga on the entire property. *See* HRS § 507-43(a). The lien imposed expires "three months after the entry of the Order Directing Lien to Attach unless proceedings are commenced within that time to collect the amount due thereon by enforcing the same." HRS § 507-43(e). On November 5, 1986 Koga filed First Circuit Civil No. 86-4150 for foreclosure of its lien and a deficiency judgment. That case is now in the pretrial stage.

In *VTN Pacific, Inc. v. Bishop Development, Inc.*, 58 Haw. 104, 565 P.2d 980 (1977), the Hawaii Supreme Court held that a mortgagee could not immediately as of right appeal an order granting a lienor's lien application. The court expressly left open the question of whether in some situations a lienor can immediately as of right appeal an order denying a lien application. The court did not specifically address the situation presented in the instant case where the lienor immediately appealed an order partially granting and partially denying its lien application.

In our view, an order directing a lien to attach which partially grants and partially denies a lienor's lien application is merely an interlocutory step in the lienor's quest for foreclosure, deficiency judgment, and payment. If an interlocutory appeal by the lienor is

---

b. $2,108.90 on the fee interest of the Fathers of the Sacred Hearts (Fathers) in the setback parcel.

c. No lien on the 38 lots sold in fee or leasehold to the Homeowners.

d. No lien on the subdivision streets.

2. *The agricultural lot:* $4,695.24 on Developer's leasehold interest.

3. *The park:* $23,655.81 on the Fathers' fee interest.

4. *The seminary lot:* $14,955.36 on the Fathers' fee interest.

warranted, it can be authorized under HRS § 641-1(b) or HRCP Rule 54(b) as appropriate. There is no compelling reason to create an exception to the general rule by permitting the immediate as of right appeal of such interlocutory orders.

This appeal is dismissed for lack of appellate jurisdiction.

*Wesley H. Sakai, Jr.,* and *John A. Morris (Bendet, Fidell & Sakai)* on brief for lienors-appellants Koga Engineering & Construction, Inc., and Grace Pacific Corporation.

*Neil F. Hulbert* and *Harlan Y. Kimura (Hong, Iwai and Hulbert)* on brief for respondent-appellee Bank of Honolulu.

*John R. Aube (Cades Schutte Fleming & Wright)* on brief for respondent-appellee The Fathers of the Sacred Hearts.

*Michael D. Tom* and *Audrey E. J. Ng (Goodsill Anderson Quinn & Stifel)* on brief for respondents-appellees American Savings and Loan Association and FCA American Mortgage Corporation.

*James T. Paul, Shelby Anne Floyd,* and *Deborah M. Gotthhel (Paul, Johnson & Alston)* on brief for respondent-appellee Deseret Pacific Mortgage Corp.

*Wayne Nasser (Ashford & Wriston)* on brief for respondents-appellees Individual Castle Hills Homeowners.