William F. BOYER, Plaintiff,

v.

STATE OF WISCONSIN et al., Defendants.

No. 72–C–19.

United States District Court, E. D. Wisconsin.

Feb. 28, 1972.

William F. Boyer, pro se.

Robert P. Warren, Atty. Gen., Madison, Wis., for State of Wis.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for the United States.

Robert P. Russell, Corp. Counsel, Milwaukee, Wis., for Milwaukee County and Christ T. Seraphim.

Beverly A. Temple, Milwaukee, Wis., for Patricia L. Boyer.

## ORDER

MYRON L. GORDON, District Judge.

On February 16, 1972, the clerk of court entered a default against one of the defendants, the state of Wisconsin, pursuant to Rule 55(a), Federal Rules of Civil Procedure, as a result of such defendant's failure to answer within 20 days after service of the summons and complaint upon it; the plaintiff then moved for judgment against the defaulting defendant. On February 22, 1972, the state of Wisconsin filed a motion which seeks an order setting aside the entry of default, pursuant to Rule 55(c), and subsequently amended such motion to include a request for an extension of time to answer to February 25, 1972; an affidavit of the defendant's attorney accompanied the original motion to set aside the entry of default.

A motion to set aside an entry of default is addressed to the discretion of the court. "Any doubt should be resolved in favor of setting aside defaults so that cases may be decided on their merits." Alopari v. O'Leary, 154 F.Supp. 78, 81 (E.D.Pa.1957). The case at bar was commenced on January 7, 1972, and the defendant state of Wisconsin moved to set aside the entry of default within six days of such entry; it does not appear that substantial prejudice to the plaintiff will result if the defendant's motion to set aside is granted. Cf. Hanley v. Volpe, 48 F.R.D. 387, 388 (E.D.Wis. 1970). The accompanying affidavit demonstrates that the state's default was inadvertent. For the foregoing reasons, and on the basis of the affidavit of the defendant's attorney, it is my opinion that the entry of default should be set aside and the defendant allowed until February 25, 1972, to answer the plaintiff's complaint.

Therefore, it is ordered that the motion of the defendant state of Wisconsin to set aside the entry of default and to extend the time for answer to February 25, 1972, be and hereby is granted.

It is also ordered that the plaintiff's motion for a default judgment be and hereby is denied and that the hearing on the motion for a default judgment scheduled for 9:00 A.M. on March 7, 1972, be and hereby is cancelled.