BDM, INC., n/k/a UNITED PACIFIC INDUSTRIES, INC., Plaintiff *v.* SAGECO, INC., n/k/a FIRST WESTERN CORPORATION, et al., Defendants

VINCENT F. SAGE, Counterclaimant-Appellee *v.* WILLIAM J. GUMPERT, et al., Additional Counterclaim Defendants-Appellants

NO. 5713

MAY 7, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* This litigation arose out of a stock sale and subsequent related agreements, and was instituted by the filing of a complaint naming seventeen corporate and individual defendants, including Appellants and Appellee. All of the defendants have filed answers to the complaint and two have been dismissed from the case. Appellee filed an answer

with a counterclaim against the plaintiff and with cross-claims against Appellants and two added cross-claim defendants. An answer to the counterclaim has been filed by the plaintiff, and an answer to the cross-claim has been filed by one of the added cross-claim defendants. The cross-claim was filed December 18, 1972. Time for Appellants to answer the cross-claim was extended, the last extension expiring March 27, 1973. A reply to Appellee's cross-claim, including a cross-claim against Appellee, was filed by Appellants on March 7, 1974. On motion of Appellee, Appellants' reply and cross-claim were stricken by order filed April 9, 1974. Appellants then moved to dismiss Appellee's cross-claim for failure of Appellee to take a default and moved for reconsideration of the order striking their reply and cross-claim. Appellee secured entry of Appellant's default on April 17, 1974. Appellants' motions were denied and leave to take an interlocutory appeal was denied by order filed May 30, 1974. Appellants filed on June 26, 1974, a notice of appeal from the orders of April 17 and May 30, 1974. There have been no other proceedings.

While the question is not raised in the briefs, it is quite apparent that this appeal is premature and must be dismissed. Adjudication of Appellee's cross-claim remains incomplete although Appellants have been barred from answering it and their default has been entered. The cross-claim seeks judgment against Appellants upon certain promissory notes in the principal amount of $140,000, unless it is determined upon trial of the principal action that the plaintiff is entitled to a judgment setting aside certain agreements, in which event the cross-claim seeks judgment in the principal amount of $203,000 against other cross-claim defendants, excluding Appellants. The striking of Appellants' reply to the cross-claim and the consequent entry of default do not wholly deprive Appellants of the right to be heard at such hearing as the court may find necessary upon an application under Rule 55(b)(2) for entry of judgment by default. 6 MOORE'S FEDERAL PRACTICE ¶ 55.07 (2d ed. 1948). The order appealed from was thus interlocutory in nature, and allowance of the appeal as

required by HRS § 641-1(b) and Rule 73(a), H.R.C.P., having been refused by the trial court, we are without jurisdiction of the appeal. *Mackenzie v. Choi,* 47 Haw. 298, 387 P.2d 475 (1963); *Chang v. City & County,* 51 Haw. 137, 453 P.2d 753 (1969); *Iwai v. City & County,* 51 Haw. 307, 459 P.2d 195 (1969); *MDG Supply, Inc. v. Ellis,* 51 Haw. 480, 463 P.2d 530 (1969). Although the appealability of the order is thus disposed of, we should also observe that even had the order appealed from been otherwise entitled to be regarded as a final judgment with respect to the cross-claim against Appellants, it would not have adjudicated all of the claims and rights of all of the parties to this case and an appeal could not have been taken without the determination and direction required of the trial court by Rule 54(b), H.R.C.P.

In view of the fact that the case must be remanded without determination of the effect which should be given to our rules in this litigation, and having in mind our supervisory responsibilities under HRS § 602-4, we think it is appropriate to provide some guidance to the trial court in further proceedings. Upon the remand, appellants may move under Rule 55(c), H.R.C.P., to set aside the default. Should the default be set aside under Rule 55(c), denial of enlargement of time to answer under Rule 6(b) would create an anomalous situation in which Appellants would be forced to remain in default but Appellee would be foreclosed from obtaining entry of a default. To avoid such an anomaly it is necessary that the requirements of these rules be interpreted in relation to each other.

*Rule 6(b) Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable

neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), 60(b), and 73(a) and (g), except to the extent and under the conditions stated in them.

*Rule 55(c) Setting Aside Default.* For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Rule 6(b) deals with a variety of time requirements, of which time to answer a cross-claim is only one. What is "excusable neglect" within the meaning of Rule 6(b) depends in part on the matter involved. *Coady v. Aguadilla Terminal Inc.*, 456 F.2d 677 (1st Cir. 1972). It is difficult for us to imagine a case in which "good cause" might be found for setting aside an entry of default and yet "excusable neglect" for the failure to file the answer, which failure occasioned the entry of the default, should not also be found. This is the apparent (though unexpressed) rationale of cases in which the setting aside of a default or a default judgment has been accompanied by enlargement of time to answer without express inquiry into the existence of excusable neglect under Rule 6(b).[1]

We agree with the reasoning of those decisions which hold that defaults and default judgments are not favored and that any doubt should be resolved in favor of the party seeking relief, so that, in the interests of justice, there can be a full trial on the merits. *Tolson v. Hodge*, 411 F.2d 123 (4th Cir. 1969); *Butner v. Neustadter*, 324 F.2d 783 (9th Cir. 1963); *Boyer v. State of Wisconsin*, 55 F.R.D. 90 (E.D.Wis. 1972); *S.E.C. v. Vogel*, 49 F.R.D. 297 (S.D.N.Y. 1969); *Gamble v. Pope & Talbot, Inc.*, 191 F. Supp. 763 (E.D.Pa. 1961). It should be noted that a motion to set aside a default entry,

---

[1] *See* Tolson v. Hodge, 411 F.2d 123 (4th Cir. 1969); Rooks v. American Brass Co., 263 F.2d 166 (6th Cir. 1959); Rasmussen v. W.E. Hutton & Co., 68 F.R.D. 231 (N.D.Ga.1975); Broder v. Charles Pfizer & Co., 54 F.R.D. 583 (S.D.N.Y. 1971); Bedard v. Consolidated Mut. Ins. Co., 313 F. Supp. 1020 (D. Puerto Rico 1970); S.E.C. v. Vogel, 49 F.R.D.297 (S.D.N.Y. 1969); Nunn v. Reina, 21 F.R.D. 573 (E.D.Pa. 1958).

which may be granted under Rule 55(c) "for good cause shown", gives the court greater freedom in granting relief than is available on a motion to set aside a default judgment where the requirements of Rule 60(b) must be satisfied. 10 WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE, Civ. § 2693 at 313 (1973). "Despite these differences, the elements advanced in support of a motion under Rule 55(c) will be the same whether relief is sought from a default entry or from a default judgment." WRIGHT AND MILLER, *supra*, Civ. § 2692 at 301.

In general, a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act. *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 523 P.2d 351 (1974); *Schartner v. Copeland*, 59 F.R.D. 653 (M.D.Pa. 1973); *Butner v. Neustadter*, 324 F.2d 783 (9th Cir. 1963); 10 WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE § 2696 (1973). The mere fact that the nondefaulting party will be required to prove his case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a reopening. *Montez v. Tonkawa Village Apartments*, *supra*.

Appeal dismissed.

*Edward C. Kemper (Mattoch, Kemper & Brown* of counsel) for Appellants.

*Robert G. Dodge (Kai, Dodge & Evensen* of counsel) for Appellee.