LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 28450

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LYNWOOD RORY JENKINS, Plaintiff-Appellee, v.
DANIEL ALLEN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1RC06-1-2642)

2010 FEB -9 AM 8: 14 FILED

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Daniel Allen (Allen) appeals the Judgment entered on December 4, 2006, by the District Court of the First Circuit, Honolulu Division (district court).[1]

On appeal, Allen contends the district court erred by (1) denying his Motion to Set Aside Default, filed on October 20, 2006 and (2) denying his "Motion to Set Aside Default and Default Judgment" (2007 Motion), filed on February 14, 2007.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the applicable law, we resolve Allen's points of error as follows:

(1) The district court did not abuse its discretion by denying Allen's Motion to Set Aside Default, filed on October 20, 2006. Allen had previously defaulted by failing to appear at a pre-trial conference on August 21, 2006. Allen's first motion to set aside default was scheduled for hearing on September 18, 2006. Although a decision on Allen's motion does not appear in the record, Allen failed to appear for another pre-trial conference set for October 16, 2006. His second Motion to Set Aside Default was filed on October 20, 2006.

---

[1] The Honorable Faye M. Koyanagi presided.

Allen failed to carry his burden to prove that his second default was not the result of inexcusable neglect. BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976). Allen's proffered explanation for failing to appear at the pre-trial conference on October 16, 2006 was that data was lost on his computer due to a power outage resulting from an earthquake. Allen explained that his entire schedule was on his computer and the information was retrieved after the scheduled pre-trial conference. He also claims that he then sought assistance from Legal Aid "to gain an understanding of what I could do." Allen then filed his second Motion to Set Aside Default four days after failing to appear at a pre-trial conference.

The record does not support Allen's claim of excusable neglect. When Allen filed his first Motion to Set Aside Default on August 21, 2006, he claimed that he "had accidentally left my original document at the Mediation Center last week. I was under the impression our time to meet today was 10:10 a.m." The record reflects that Allen does not rely exclusively on a computer to apprise him of his schedule.

In addition, Allen's claim that he was unaware what to do after he failed a second time to appear at a pre-trial conference is also not supported by the record. Allen previously moved to set aside his default on the same day that he failed to appear on August 21, 2006. Thus, Allen knew, when he failed to appear for the October 16, 2006 pre-trial conference, that he could file a motion to set aside default as he had done it before.

(2) Allen filed his 2007 Motion pursuant to Rules 59 and 60 of the District Court Rules of Civil Procedure (DCRCP). A motion for a new trial or to alter or amend a judgment shall be served not later than 10 days after entry of the judgment. DCRCP Rule 59(b), (e). The Judgment was entered on December 4, 2006. Allen did not file his 2007 Motion until February 14, 2007. Therefore, relief pursuant to DCRCP Rule 59 was not available.

2

In his 2007 Motion, Allen also asserted that he "should not have been defaulted simply because the electricity on our island went out on the earthquake date in October of 2006 and so [Allen] did not know exactly when he was supposed to go to court since that information was on his computer." Allen further asserted that the default and default judgment should be vacated because the wrong measure of damages was used and the amount of damages awarded was excessive.

Under DCRCP Rule 60(b), relief from a judgment may be had for (1) "a mistake, inadvertence, surprise, or excusable neglect," (2) "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," (3) "fraud . . . , misrepresentation, or other misconduct of an adverse party," (4) "the judgment is void," (5) the judgment is satisfied, or (6) any other reason justifying relief. DCRCP Rule 60(b).

Allen's claim that the default should be set aside because of his failure to appear at a pre-trial conference does not satisfy any of the categories for relief stated in DCRCP Rule 60(b)(1)-(5). We therefore turn to consider Allen's "incorrect measurement" and "excessive damages" arguments under DCRCP Rule 60(b)(6).

"[A] basic precept of contract law is that a party who sustains a loss by the breach of another is entitled to compensation that will 'actually or as precisely as possible compensate the injured party.'" Hi Kai Inv., Ltd. v. Aloha Futons Beds & Waterbeds, Inc., 84 Hawai'i 75, 80-81, 929 P.2d 88, 93-94 (1996) (quoting Amfac v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 128, 839 P.2d 10, 32 (1992)).

> The extent of plaintiff's loss must be shown with reasonable certainty and that excludes any showing or conclusion founded upon mere speculation or guess. "To authorize a recovery of more than nominal damages, facts must exist and be shown by the evidence which afford a basis for measuring the plaintiff's loss with reasonable certainty. The damages must be susceptible of ascertainment in some manner other than by mere speculation, conjecture or surmise[.]" 15 Am. Jur., Damages, § 23[.]

Ferreira v. Honolulu Star-Bulletin, Ltd., 44 Haw. 567, 576, 356 P.2d 651, 656 (1960).

Allen does not dispute that he "agreed to provide to [Jenkins] services valued at $3,500.00 in which [Allen] was going to build a website." Thus, Allen argues that the remaining amount of $1,300 ($4,800 less $3,500) is the maximum that Jenkins can recover for the laptop. Allen also admits that "[a]t best, [Jenkins] was entitled to the purchase price of $1,300.00 for the replacement used laptop, and an additional $1,659.00 for the additional software if the used computer he did not purchase to cover or replace the one he agreed to buy from [Allen]."

There is no dispute that the cost of the website package was $3,500. There is also no dispute that Jenkins did not receive the website package. Because Jenkins paid for the website package, albeit as part of all-inclusive package costing $4,800, the $3,500 awarded as damages for the website package appears to have been proven with certainty. Therefore, the district court did not err by awarding $3,500 for the website package.

We reject Allen's claim that the laptop award should be limited to $1,300. As reflected in his email to Jenkins, Allen stated, "[b]esides, the $1300 certainly wouldn't provide you enough for the same software or the second computer." Thus, Allen admitted that $1,300 was not sufficient to purchase a replacement computer.

However, it was improper to award Jenkins more than the cost of the replacement laptop because the evidence demonstrated that the actual replacement cost was less than $2,600. The district court should have awarded Jenkins $2,202.05 for the laptop, which was the actual loss of the benefit of his bargain as documented by a receipt presented to the district court. Therefore, the award of $2,600 for the computer is vacated. Upon remand, the district court shall amend the judgment to reflect an award of $2,202.05 for the computer.

We reject Allen's contention that Jenkins was entitled

4

to a maximum of $1,659 for replacement software. Allen provided no clear argument for such a limitation. It appears that the district court awarded Jenkins $5,000 for all of the software that Allen did not deliver as promised. Jenkins's receipts substantiated an award of only $4,203.03 for the software. In Jenkins's summary of his software costs, only the costs for software which were not delivered as promised should have been awarded. These include Toon Boom Studio ($374.97), Digicell FlipBook Pro ($999.00), Adobe Creative Suite Premium 1.1 ($920.39), Adobe Video Collection 2.5 ($827.52), Flash MX 2004 ($446.25), Premiere Pro 7.0 ($343.24), and MicroSoft Office Suite ($291.66). The costs of the upgraded software should not have been included because the upgrades were not part of the contract between Jenkins and Allen. The award for software in the amount of $5,000 is vacated. Upon remand, the district court shall amend the judgment to reflect an award of $4,203.03 for software.

Allen also disputes the award of $1,665.00 for interest. "Prejudgment interest, where appropriate, is awardable under [Hawaii Revised Statutes (HRS)] § 636-16 [(1993)] in the discretion of the court." Page v. Domino's Pizza, 80 Hawai'i 204, 208, 908 P.2d 552, 556 (App. 1995) (citation and internal quotation marks omitted). We review the trial court's granting or denial of a claim for prejudgment interest for an abuse of discretion. Id. "Generally, to constitute an abuse of discretion it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Id. (citations and internal quotation marks omitted).

HRS § 636-16 provides, "[i]n awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, . . . and in cases arising by breach of contract, it may be the date when the breach first occurred." "The well-established purpose of the statute is to allow the court to designate the commencement date of interest in order to correct injustice when a judgment is

5

delayed for a long period of time for any reason, including litigation delays." Page, 80 Hawai'i at 209, 908 P.2d at 557 (internal quotation marks, citations, brackets, and ellipses omitted). "Another acknowledged purpose of HRS § 636-16 is to discourage recalcitrant and unwarranted delays in cases which should be more speedily resolved." Id. (internal quotation marks and citations omitted).

"When there is no express written contract fixing a different rate of interest, interest shall be allowed at a rate of ten per cent a year." HRS § 478-2 (2008); Eastman v. McGowan, 86 Hawai'i 21, 28-29, 946 P.2d 1317, 1324-25 (1997) (trial court did not abuse discretion in awarding prejudgment interest of ten per cent per annum for breach of contract).

Here, the district court abused its discretion by awarding prejudgment interest because it failed to state the date when Allen breached his contract with Jenkins. Jenkins tendered a check to Allen for $4,800 on April 15, 2005. Jenkins claimed that "[o]n April 30, 2006 a year and 14 day [sic] after I entered into the oral contract with Mr. Allen and exhausting every avenue through endless emails trying to find an amicable solution to our problems, I finally realized that I would have no other choice than to settle the matter in district court." However, the district court failed to enter findings of fact to designate the date at which the prejudgment interest began to accrue.

The district court also failed to enter findings of fact and conclusions of law regarding whether the judgment was delayed for a long period of time and the award of prejudgment interest is necessary to correct injustice. Tri-S Corp. v. Western World Ins. Co., 110 Hawai'i 473, 498, 135 P.3d 82, 107 (2006). Therefore, the award of prejudgment interest is vacated. Upon remand, the district court shall enter findings of fact and conclusions of law supporting its decision on the issue of Jenkins's claim for prejudgment interest.

Allen does not challenge the award of court costs and other costs, therefore, those are affirmed.

Therefore,

IT IS HEREBY ORDERED THAT the Judgment, entered on December 4, 2006 by the District Court of the First Circuit, Honolulu Division is affirmed in part, vacated in part, and the matter is remanded to the district court for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawai'i, February 9, 2010.

On the briefs:

R. Steven Geshell,
for Defendant-Appellant.

Lynwood Rory Jenkins,
Plaintiff-Appellee, pro se.

Presiding Judge

Associate Judge

Associate Judge