**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000506
16-FEB-2024
07:49 AM
Dkt. 77 SO**

NOS. CAAP-19-0000506 AND CAAP-19-0000822

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NEW BANGKOK, INC. DBA PATTAYA THAI, Plaintiff-Appellee,
v.
GLENN K.C. HO AND OHK SOOK HO, CO-TRUSTEES OF THE GLENN K.C. HO
REVOCABLE LIVING TRUST DATED APRIL 4, 2003 AND THE OHK SOOK HO
REVOCABLE LIVING TRUST DATED APRIL 4, 2003,
Defendants-Appellants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE
PARTNERSHIPS 1-10; AND DOE TRUSTS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC181001575)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and Guidry, JJ.)

In these consolidated appeals, Defendants-Appellants

Glenn K.C. Ho and Ohk Sook Ho (**Mrs. Ho**), Co-Trustees of the Glenn

K.C. Ho Revocable Living Trust Dated April 4, 2003 and the Ohk

Sook Ho Revocable Living Trust Dated April 4, 2003 (together, the

**Hos**) appeal from the: (1) July 10, 2019 Order Denying [the Hos']

Motion to Set Aside Entry of Default, Filed on December 12, 2018

and Entry of Default Judgment Ordered April 10, 2019 (**Order**

**Denying Set Aside**); and (2) October 25, 2019 Order Granting

Plaintiff New Bangkok, Inc. dba Pattaya Thai's [(**New Bangkok's**)] Motion for Award of Attorneys' Fees and Costs Incurred in Defending Against [the Hos'] Motion to Set Aside Entry of Default, filed on December 12, 2018 and Entry of Default Judgment Ordered April 10, 2019 (**Order Granting Fees and Costs**), both entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]  The Hos also challenge the First Amended Default Judgment and Order entered (upon remand) on May 1, 2020 (**Default Judgment**).

In CAAP-19-0000506, the Hos raise a single point of error, contending the Circuit Court abused its discretion in denying their motion to set aside the default and the Default Judgment.  In CAAP-19-0000822, the Hos raise a single point of error, challenging the Order Granting Fees and Costs on various alternative grounds.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Hos' points of error as follows:

(1)  At the time that the Circuit Court decided the Hos' motion to set aside the default and the default judgment, the three-prong test set forth in BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 77, 549 P.2d 1147, 1150 (1976), abrogated prospectively by Chen v. Mah, 146 Hawaiʻi 157, 457 P.3d 796 (2020), applied to a determination of whether to set aside a default.  Pursuant to the BDM test, a motion to set aside default should be granted

---

[1]     The Honorable James S. Kawashima presided.

whenever the court finds: "(1) that the nondefaulting party will not be prejudiced by the reopening; (2) that the defaulting party has a meritorious defense; and (3) that the default was not the result of inexcusable neglect or a wilful act." Id. (citation omitted). Each of the BDM three factors are grounded in equity principles, and a merits-oriented outcome is favored over preserving the finality of a judgment. See J.K. v. D.K., 153 Hawaiʻi 268, 274-75, 533 P.3d 1215, 1221-22 (2023).

Here, the Circuit Court made the following findings of fact and conclusions of law in the Order Denying Set Aside:

### FINDINGS OF FACT

1. The Court takes judicial notice of the records and files herein;

2. Defendants were afforded and declined the opportunity to engage in arbitration with Plaintiff; and

3. New owners are in possession of the real property that was the subject of the lease at issue in this action.

### CONCLUSIONS OF LAW

1. Due to the ownership change referenced *supra*, and the potential changes or alterations to the real property at issue, the Court cannot find that no prejudice will be suffered by Plaintiff if the default judgment is vacated in this case;

2. The defense of arbitration is a jurisdictional challenge that would require vacatur of default judgment, and the Court does not find that vacatur is warranted; and

3. Defendant has failed to establish excusable neglect.

We first address the issue of prejudice. It is undisputed that on September 7, 2018, the Hos notified New Bangkok that the subject property was being sold, and on October 2, 2018, a deed was recorded conveying the property to a third party. New Bangkok filed its Complaint on October 3, 2018, the day *after* the property was conveyed. Because ownership of the

3

property was already transferred, the setting aside of the Default Judgment would not have created any problems of proof or prejudice for New Bangkok that did not already exist at the time that New Bangkok filed its Complaint. "The mere fact that the nondefaulting party will be required to prove [its] case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a reopening." BDM, 57 Haw. at 76, 549 P.2d at 1150.

Next, we consider whether the default was a result of inexcusable neglect or a wilful act. In Cnty. of Haw. v. Ala Loop Homeowners, 123 Hawaiʻi 391, 424-25, 235 P.3d 1103, 1136-37 (2010) (citation omitted), abrogated on other grounds by Tax Found. of Haw. v. State, 144 Hawaiʻi 175, 199, 439 P.3d 127, 151 (2019), the Hawaiʻi Supreme Court held that a charter school's failure to hire private counsel to file an answer constituted excusable neglect, and that the circuit court abused its discretion in denying the school's motion to set aside the entry of default. The charter school had tendered the defense of the complaint to the attorney general, but default was entered before an agreement was reached with the attorney general for representation. Id. at 424, 235 P.3d at 1136-37. The supreme court noted that the school had not simply ignored the complaint, but had made an effort to obtain representation through the attorney general, and there was no lengthy delay between the entry of default and the filing of the motion to set aside the default. Id. at 423-24, 235 P.3d at 1135-36.

Here, the Hos similarly made an effort to secure representation, and when they learned that default judgment had been entered, and were unable to reach the attorney, secured other counsel to file the motion to set aside default judgment. Mrs. Ho averred that after she and her husband were served with New Bangkok's First Amended Complaint, they consulted with their long-term attorney Vernon Tashima, who "referred us to Craig Furusho, Esq. to handle the litigation. I understood from Mr. Furusho that he had obtained an extension to answer the complaint. With the understanding that Mr. Furusho was retained to represent our interests I waited for communications from him on the status." Around April 10, 2019, Mrs. Ho learned that New Bangkok had obtained a default judgment and retained other counsel to file the motion to set aside the default judgment after she was unable to reach Mr. Furusho. The Hos' May 8, 2019 motion to set aside the default judgment was filed less than one month after the order granting default judgment was entered and two days after the (original) default judgment was entered. In light of, *inter alia*, Ala Loop Homeowners and the short period of time between the entry of the default judgment and the Hos' motion to set aside, we conclude that the Circuit Court clearly erred in concluding that the Hos failed to establish excusable neglect.

Finally, we consider whether the Hos had a potentially meritorious defense. "Determining whether a defense is potentially meritorious, requires an evaluation of the possible, rather than probable, effect of the defense on the decision

5

maker." <u>Briones v. State</u>, 74 Haw. 442, 464, 848 P.2d 966, 977 (1993) (footnote omitted). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" <u>U.S. v. Aguilar</u>, 782 F.3d 1101, 1107 (9th Cir. 2015) (citation omitted).

Here, the Hos raised various defenses including that the Lease upon which New Bangkok's Amended Complaint relied was already terminated. In support of their motion to set aside, the Hos pointed to various provisions of the Lease and the declaration of Mrs. Ho supporting their defensive argument that the Lease expired by its terms on July 31, 2017, and that if New Bangkok wanted to extend the Lease, it was required to provide a written notice, which it did not. Under the applicable standard, we conclude that the Circuit Court clearly erred in failing to find that the Hos had a potentially meritorious defense.[2]

In light of the above, we conclude that the Circuit Court abused its discretion in entering the Order Denying Set Aside.

(2) The Hos challenge the Order Granting Fees and Costs on various alternative grounds, including on grounds that the Circuit Court abused its discretion in awarding fees and costs to New Bangkok in light of the Circuit Court's abuse of discretion in entering the Order Denying Set Aside. This argument has merit. The Order Granting Fees and Costs will be vacated,

---

[2]    We decline to address the other defenses raised in the Hos' motion to set aside the default judgment.

without prejudice to a new request for attorneys' fees and costs after completion of further proceedings in the Circuit Court.

For these reasons, the Circuit Court's July 10, 2019 Order Denying Set Aside, October 25, 2019 Order Granting Fees and Costs, and May 1, 2020 Default Judgment are vacated. This case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, February 16, 2024.

| On the briefs: | /s/ Katherine G. Leonard |
|---|---|
| | Acting Chief Judge |
| John S. Rhee, | |
| Madisson L. Heinze, | /s/ Karen T. Nakasone |
| (Dentons US LLP), | Associate Judge |
| for Defendants-Appellants. | |
| | /s/ Kimberly T. Guidry |
| Brian W. Tilker, | Associate Judge |
| H. Shan Wirt, | |
| Erik A. Rask, | |
| (Torkildson Katz Hetherington | |
| Harris & Knorek), | |
| for Plaintiff-Appellee. | |