**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000192
20-JUN-2024
07:48 AM
Dkt. 130 SO**

NO. CAAP-20-0000192

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NORMAN KARL DOMINGCIL ACUPAN and MARISA CLAIRE
IHARA VALENCIANO, Plaintiffs-Appellees, v.
JEFFERSON VENZON, as Guardian of Milisav Michele
Nedeljkovic, Defendant-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE
PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; AND
DOE GOVERNMENTAL ENTITIES 1-10, Defendants

and

JEFFERSON VENZON, as Guardian of Milisav Michele
Nedeljkovic, Third-Party Plaintiff/Third-Party
Counterclaim Defendant-Appellant, v.
ALL ISLANDS, INC., doing business as CENTURY 21
ALL ISLANDS, Third-Party Defendant/Third-Party
Counterclaimant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 16-1-00005)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Nakasone, JJ.)

Defendant/Third-Party Plaintiff/Third-Party
Counterclaim Defendant-Appellant Jefferson Venzon (**Venzon**), as
Guardian of Milisav Michele Nedeljkovic (**Nedeljkovic**), appeals
from the Judgment, entered on March 19, 2020, in the Circuit
Court of the Fifth Circuit (**Circuit Court**).[1]  The Judgment

---

[1]   The Honorable Gary W.B. Chang presided.  Pursuant to Hawai'i
Rules of Appellate Procedure (**HRAP**) Rule 43(a), and this court's March 24,
2021 order, Venzon has been substituted as the Defendant/Third-Party
Plaintiff/Third-Party Counterclaim Defendant-Appellant in place of
(continued...)

followed entry of the Circuit Court's:  (1) January 6, 2017 order granting Plaintiffs-Appellees Norman Karl Domingcil Acupan and Marisa Claire Ihara Valenciano's (**Plaintiffs**) motion for default judgment against Nedeljkovic; and (2) March 13, 2018 order denying Nedeljkovic's motion to set aside default judgment.

On appeal, Nedeljkovic contends[2/] that the Circuit Court erred in:  (1) its application of the factors set forth in BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 549 P.2d 1147 (1976), for evaluating a motion to set aside the entry of default or default judgment; (2) taking judicial notice of alleged facts related to a health condition at issue in the case; and (3) "in its finding that Lolita Lacaden [(**Lacaden**)] is 'employed or associated with Legal Aid.'"

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Nedeljkovic's contentions as follows, and vacate the Judgment.

Nedeljkovic contends that the Circuit Court misapplied the factors set forth in BDM and thereby abused its discretion in denying Nedeljkovic's August 24, 2017 motion to set aside default judgment (**Motion to Set Aside Default**).

Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 55(b) governs the entry of default and judgment by default.  HRCP Rule 55(c), in turn, governs the setting aside of the entry of default and judgment by default, as applicable.  Specifically, HRCP Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

In Chen v. Mah, 146 Hawaiʻi 157, 457 P.3d 796 (2020), the supreme court ruled that prospectively, an HRCP Rule 55(c) motion to set aside entry of default is to be evaluated based

---

[1/]  (...continued)
Nedeljkovic, who filed this appeal, as well as the opening and reply briefs, and who has since died.

[2/]     Although Venzon is now the Appellant, we refer to the contentions and arguments contained in Nedeljkovic's opening and reply briefs as Nedeljkovic's.

2

only on whether there has been a showing of "good cause." Id. at 176, 457 P.3d at 815. However, such motions decided prior to Chen must still be evaluated under the three-prong test established in BDM, which is the standard we apply here. See Chen, 146 Hawaiʻi at 174, 457 P.3d at 813. Under BDM, "a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act." BDM, 57 Haw. at 76, 549 P.2d at 1150 (citing 10 Wright & Miller, Federal Practice and Procedure § 2696 (1973)). All three prongs must be satisfied for a trial court to grant a motion to set aside entry of default. See The Nature Conservancy v. Nakila, 4 Haw. App. 584, 589-91, 671 P.2d 1025, 1030-31 (1983); see also Chen, 146 Hawaiʻi at 174, 457 P.3d at 813 (addressing the third prong first because it was dispositive).

Because Nedeljkovic's "meritorious defense" argument is central to his appeal, we address that argument first. Under BDM's second prong, Nedeljkovic had the burden of establishing that he had a meritorious defense to Plaintiffs' claims. In their Complaint, Plaintiffs alleged that they had entered into a November 15, 2015 contract with Nedeljkovic under which he promised to sell certain real property (the **Property**) to Plaintiffs in exchange for money (the **Purchase Contract**); they asserted claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Nedeljkovic. In moving to set aside default, Nedeljkovic argued that he had a meritorious defense to these claims – specifically, that he lacked the legal capacity to enter into the Purchase Contract because he was suffering from a specific health condition at that time.[3/]

---

[3/]     On appeal, Nedeljkovic summarily asserts that he "also proffered other potentially meritorious defenses." However, at the December 19, 2017 hearing of his motion to set aside default, Nedeljkovic stated that his "sole argument" regarding the breach of contract claim was "incapacity[,]" and that is the only discernible argument he makes in his opening brief. See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

The supreme court has recently construed <u>BDM</u>'s meritorious defense prong as follows:

> A meritorious defense does not mean a triumphant defense; it's closer to a valiant defense. A favorable outcome is not something the defaulting party needs to show. Rather, the . . . movant only needs to present some factual support - bare allegations will not do - that paves the way to a different outcome. "<u>All that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense</u>" to the underlying matter. <u>United States v. Aguilar</u>, 782 F.3d 1101, 1107 (9th Cir. 2015) (cleaned up).

<u>JK v. DK</u>, 153 Hawaiʻi 268, 275, 533 P.3d 1215, 1222 (2023) (emphasis added); <u>see also</u> <u>Aguilar</u>, 782 F.3d at 1107 ("'[T]he question whether the factual allegation is true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" (quoting <u>United States v. Signed Personal Check No. 730 of Yubran S. Mesle</u>, 615 F.3d 1085, 1094 (9th Cir. 2010)) (original brackets omitted)).

In support of the Motion to Set Aside Default, Nedeljkovic made specific allegations and submitted certain evidence regarding the health condition underlying his lack-of-capacity defense. The evidence included a July 2017 medical record; late-2015 and early-2016 email communications from Winnie Lu (**Lu**), Nedeljkovic's realtor in the sale of the Property; and deposition testimony of Timothy Jeffrey (**Jeffrey**), Nedeljkovic's attorney-in-fact.

In denying the Motion to Set Aside Default, the Circuit Court ruled that Nedeljkovic had failed to establish through medical records or other evidence that he was incapacitated in 2015 when he entered into the Purchase Contract. The court acknowledged that Lu's email comments about Nedeljkovic were "very significant," but interpreted them, "as best as the Court can tell," as merely "expressing frustration" in having to deal with Nedeljkovic's indecisiveness and complaints about various "life issues." The court concluded that "[t]he lack of evidence in this case is fatal to . . . Nedeljkovic's [meritorious defense] argument."

Although it is true that Nedeljkovic did not submit

medical records or other evidence definitively establishing that he was legally incapacitated in 2015, that is <u>not</u> the standard he was required to meet to satisfy <u>BDM</u>'s meritorious defense prong at this stage of the litigation. Nedeljkovic presented – in addition to bare allegations – <u>some</u> factual support for his incapacity defense, including the July 2017 medical record, the Lu emails and the Jeffrey deposition testimony. We conclude that Nedeljkovic alleged sufficient facts that, <u>if true</u>, would constitute a defense to Plaintiffs' claims. See <u>JK</u>, 153 Hawaiʻi at 275, 533 P.3d at 1222.

We next address <u>BDM</u>'s third prong, whether Nedeljkovic's default resulted from "inexcusable neglect or a wilful act." 57 Haw. at 76, 549 P.2d at 1150. Nedeljkovic offered two reasons below for his default – his health condition and his inability to secure a lawyer.[4] The Circuit Court concluded, however, that "Nedeljkovic and his support[,]" *i.e.*, Jeffrey and Lacaden, "were simply negligent in allowing the case to fall into default and to wait until August 24, 2017, to move to set aside the default remedy."

A finding of neglect or carelessness, by itself, could not defeat Nedeljkovic's Motion to Set Aside Default. See <u>JK</u>, 153 Hawaiʻi at 276, 533 P.3d at 1223. The neglect had to be "[i]nexcusable." <u>Id.</u> Here, Nedeljkovic submitted evidence that he was suffering from a specific health condition affecting his capacity by July 2017 – evidence that the Circuit Court credited as probative of Nedeljkovic's condition at that time. Moreover, Nedeljkovic's unrepresented status and his apparent struggle to find counsel "frame[] [his] neglect." <u>Id.</u> In these circumstances, we view the record as showing that Nedeljkovic's default was not the result of inexcusable neglect or a wilful act.

---

[4] Regarding the latter assertion, Nedeljkovic submitted Jeffrey's deposition testimony that in February 2016, he attempted to secure counsel for Nedeljkovic, but "[n]obody on Kauai that I went to, would take the case." Nedeljkovic's counsel also stated that he had "spoken to at least two of the Kauai-based attorneys that . . . Jeffrey contacted in hopes of securing representation for . . . Nedeljkovic. Both attorneys indicated that the position of Plaintiffs' father played a prominent role in their unwillingness to represent . . . Nedeljkovic." <u>Id.</u> at 200 (some letter cases altered).

Lastly, we examine whether Nedeljkovic's neglect prejudiced Plaintiffs. See id. at 275, 533 P.3d at 1222. The Circuit Court concluded that Plaintiffs would be prejudiced by the reopening of the case because they have been waiting since November 2015 to occupy the Property, and they assert they have suffered reputational harm and harm to their credit because of this case.

These alleged harms do not appear to be the result of Nedeljkovic's default, but of the nature of the underlying litigation. Plaintiffs "do[] not explain how setting aside the default causes prejudicial harm to [their] case." Id. They do not, for example, "point to common signs of prejudice, like lost evidence or unavailable witnesses."[5] Id. We thus conclude that Plaintiffs will suffer no prejudice, for purposes of the applicable BDM standard, if the case reopens.

Therefore, we conclude that the Circuit Court abused its discretion in denying the Motion to Set Aside Default. In light of our decision, we need not address Nedeljkovic's second and third contentions.

For the reasons discussed above, we vacate the Judgment, entered on March 19, 2020, in the Circuit Court of the Fifth Circuit, and remand the case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, June 20, 2024.


On the briefs:

Matthew Mannisto
(Law Office of Matthew
Mannisto)
for Defendant-Appellant.

Donna E. Richards and
Mark R. Zenger
(Richards & Zenger)
for Plaintiffs-Appellees.

Keith K. Hiraoka
Presiding Judge

Clyde J. Wadsworth
Associate Judge

Karen T. Nakasone
Associate Judge

---

[5] We recognize that Nedeljkovic has died since the Motion to Set Aside Default (and this appeal) was filed. However, Plaintiffs have not suggested that Nedeljkovic's death has prejudiced their case.

6