**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000317
23-APR-2021
08:36 AM
Dkt. 135 SO**

NO. CAAP-16-0000317

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


U.S. BANK NATIONAL ASSOCIATION,
as Trustee for the LXS 2006-16N,
Plaintiff/Cross-Claim Defendant/Appellee,
v.
JAMES JOSEPH FRANCO and EDNA ARDALES FRANCO,
Defendants/Counterclaim-Plaintiffs/Third-Party
Plaintiffs/Appellants,
and
BANK OF AMERICA, N.A.,
HAWAIIAN PARADISE PARK OWNERS ASSOCIATION,
Defendants-Appellees,
and
ONEWEST BANK, F.S.B., et al.,
Third-Party Defendants/Appellees,
and
JOHN DOES 1-50, JANE DOES 1-50,
DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50,
DOE ENTITIES 1-50, and DOE GOVERNMENTAL UNITS 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-0627)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

Defendants/Counterclaim Plaintiffs/Third-Party
Plaintiffs/Appellants James Joseph Franco and Edna Ardales Franco
(the **Francos**), self-represented litigants, appeal from the Final

Judgment entered on March 11, 2016, by the Circuit Court of the Third Circuit (**Circuit Court**).[1]

In response to a complaint for foreclosure filed by Plaintiff/Counterclaim Defendant/Appellee U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-16N, fka U.S. Bank National Association, as Trustee for the LXS 2006-16N (**U.S. Bank**), the Francos filed a pleading on January 2, 2014 (**January 2, 2014 pleading**) asserting claims against U.S. Bank, as well as against Third-Party Defendants RCO Hawaii LLLC (**RCO Hawaii**) and its "agent," Glenn Fukuhara (**Fukuhara**), Brett Ryan, a member of RCO Hawaii (**Ryan**), OneWest Bank, F.S.B., and Steven Mnuchin, principal owner of OneWest Bank (collectively **Francos' claims**). The Francos asserted that U.S. Bank and the third-party defendants committed violations of HRS §§ 480D-3 (Prohibited practices), 443B-18 (Fraudulent, deceptive, and misleading representations), 480-2 (Unfair or deceptive acts or practices (UDAP)), 15 U.S.C. § 1692e (False or misleading representations), and also that there was a lack of standing to foreclose. The Francos' claims were ultimately dismissed, with judgment entered in favor of U.S. Bank and the third-party defendants, and against the Francos, in the March 11, 2016 Final Judgment.

On appeal,[2] the Francos contend (1) the Circuit Court erred in denying their Motion for Default Judgment and Summary Judgment (**Motion for Default and SJ**) against U.S. Bank, and (2) the Circuit Court erred in "approving to Set Aside Default at the same hearing with Appellants [Motion for Default and SJ]" when "there was no hearing date at the same time with the Appellants Motion For Summary Judgment."

---

[1] The Honorable Greg K. Nakamura presided.

[2] This appeal was stayed for approximately two years due to Appellant James Franco's filing, in April 2018, for voluntary bankruptcy in the U.S. Bankruptcy Court for the District of Hawaii.

The Francos' opening brief contains numerous deficiencies, including arguments that consist of bare allegations that are unsupported by citations to the record or legal authority, and thus their opening brief does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7). The Francos' "points of appeal" also fail to cite "where in the record the alleged error occurred" and "where in the record the alleged error was objected to" or otherwise brought to the court's attention, in violation of HRAP Rule 28(b)(4).  Although U.S. Bank asserts the Francos' opening brief must be disregarded, we seek to address appeals on the merits where possible, see Erum v. Llego, 147 Hawaiʻi 368, 380, 465 P.3d 815, 827 (2020), and thus we address the Francos' appeal to the extent that we can discern their contentions on appeal.  We conclude the Francos' discernable contentions lack merit and we affirm.

To the extent the Francos contend they were entitled to summary judgment on their claims, they assert no relevant argument, make no reference to relevant portions of the record, or provide any legal authority.  Further, to the extent the Francos challenge U.S. Bank's standing to foreclose or contest the foreclosure judgment that was previously entered against them, the foreclosure judgment is final and binding.  On April 15, 2015, the Circuit Court entered judgment on a decree of foreclosure, from which the Francos appealed in a prior appeal, CAAP-15-0000426.  However, the appeal in CAAP-15-0000426 was dismissed on November 30, 2015, because the Francos failed to file, *inter alia*, an opening brief.  Given these circumstances, the Francos are no longer entitled to challenge U.S. Bank's alleged lack of standing to foreclose or the judgment of foreclosure.  See Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawaiʻi 11, 17, 304 P.3d 1192, 1198 (2013) (holding that, where appellant failed to appeal from a judgment of foreclosure, that judgment "became final and binding[,]" and further the appellant could not challenge the plaintiff's standing to foreclose in a later appeal because "challenges to [the

plaintiff's] standing were subsumed under the foreclosure judgment, which had became final and binding.").[3]

The Francos also appear to assert the Circuit Court improperly denied their Motion for Default and SJ because, on January 31, 2014, the Circuit Court clerk (**court clerk**) had entered default against U.S. Bank, RCO Hawaii, and Fukuhara.  The Francos apparently argue that, given the court clerk's entry of default, the Circuit Court "should have no excuse" not to grant the Motion for Default and SJ.  However, on January 27, 2014 -- before the Francos requested entry of default on January 30, 2014, and before the court clerk's entry of default on January 31, 2014 -- U.S. Bank, RCO Hawaii, Fukuhara and Ryan filed a motion to dismiss the Francos' claims.  Further, on February 13, 2014, pursuant to HRCP Rule 55(c),[4] U.S. Bank, RCO Hawaii, and Fukuhara filed a Motion to Set Aside Default.[5]

---

[3]  We note there was no Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b) motion filed by the Francos.  Cf. PennyMac Corp. v. Godinez, 148 Hawaiʻi 323, 474 P.3d 264 (2020).

[4]  HRCP Rule 55 provides, in relevant part:

> **Rule 55.  Default.**
>      (a) *Entry*.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>      (b) *Judgment*.  Judgment by default may be entered as follows:
>
> . . . .
>
>      (2) BY THE COURT.  In all other cases the party entitled to a judgment by default shall apply to the court therefor....
>      (c) *Setting aside default*.  For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

[5]  The Motion to Set Aside Default asserts that Fukuhara and Ryan were not properly served, that U.S. Bank and the third-party defendants had filed a motion to dismiss on January 27, 2014, the court clerk's entry of default was filed on January 31, 2014, there was no prejudice to the Francos, there were meritorious defenses to the Francos' claims, and any default was not the result of inexcusable neglect or wilful act.

4

The Hawaiʻi Supreme Court has stated its agreement with decisions holding that "defaults and default judgments are not favored and that any doubt should be resolved in favor of the party seeking relief, so that, in the interests of justice, there can be a full trial on the merits." BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976), abrogated by Chen v. Mah, 146 Hawaiʻi 157, 457 P.3d 796 (2020)[6] (citations omitted). In general, and as applicable in this case,

> a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.

BDM, 57 Haw. at 77, 549 P.2d at 1150.  Under HRCP Rule 55, default judgment is not automatic upon entry of default by the clerk.

We review the application of HRCP Rule 55, and an order setting aside entry of default, for abuse of discretion.  Chen, 146 Hawaiʻi at 171, 457 P.3d at 810 (citation omitted); Wagner v. World Botanical Gardens, Inc., 126 Hawaiʻi 190, 197, 268 P.3d 443, 450 (App. 2011).

Here, it appears that on March 6, 2014, the Circuit Court addressed the Motion to Set Aside Default.  On June 23, 2014, the Circuit Court entered an order granting the Motion to Set Aside Default.  Given the record in this case, we conclude the Circuit Court did not abuse its discretion in setting aside the court clerk's entry of default.  The Francos present no argument that the BDM factors were not met in this case, and they

---

[6]  The Hawaiʻi Supreme Court in Chen held, prospectively, that motions to set aside entry of default are governed only by the "good cause" standard explicitly stated in HRAP Rule 55(c), and need not satisfy the three-prong test enunciated in BDM.  146 Hawaiʻi at 160, 457 P.3d at 799.  As stated in Chen, the holding in that case "applies only to decisions on motions to set aside entry of default under HRCP Rule 55(c) after the date of this opinion," which was issued on January 30, 2020.  Id. at 177, 457 P.3d at 816. Therefore, in this case, the rule set out in BDM still applies.

make no showing that the Circuit Court abused its discretion in setting aside the default under these circumstances.[7]

Finally, regarding the Francos' asserted point of error that the Circuit Court erred by setting aside the entry of default "at the same hearing" with the Francos' Motion for Default and SJ, the Francos present no discernable argument, no reference to the record, and no legal authority.  Therefore, this point of error is deemed waived.  HRAP Rule 28(b)(4) and (7).

Therefore, IT IS HEREBY ORDERED that the Final Judgment entered on March 11, 2016, by the Circuit Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, April 23, 2021.

On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
James Joseph Franco,
Edna Ardales Franco,                    /s/ Katherine G. Leonard
Defendants-Appellants, self-            Associate Judge
represented
                                        /s/ Karen T. Nakasone
J. Blaine Rogers,                       Associate Judge
Lori King Stibb,
for Plaintiff-Appellee

---

[7]  We also note the Francos do not provide transcripts for the March 6, 2014 hearing, so we are not able to review any arguments presented or the Circuit Court's reasoning in setting aside the entry of default.