ABE LAGONDINO, dba Abel Construction, Plaintiff-Appellant, *v.* REGINALD MALDONADO and BEVERLY MALDONADO, Defendants-Appellees and Third-Party Plaintiffs, and CROCKER FINANCIAL CORPORATION, LTD., a Hawaii corporation, Defendant, and HONSADOR, INC., a Hawaii corporation, DON VINCENT, MEL LLOYD, dba Mel Lloyd Masonry, PAUL M. TROEGER, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 and DOE GOVERNMENTAL ENTITIES 1-10, Third-Party Defendants

NO. 13886

(CIVIL NO. 86-3910)

MARCH 21, 1990

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Plaintiff Abe Lagondino, doing business as Abel Construction (Lagondino), a general contractor, appeals the summary judgment dismissing, with prejudice, all of his claims asserted in his complaint against defendants Reginald and Beverly Maldonado (the Maldonados), the property owners. Summary judgment was granted on the ground that Lagondino lacked standing to bring the action. Considering the dispute as one pertaining to a "real party in interest" under Hawaii Rules of Civil Procedure (HRCP) Rule 17(a),[1] rather than standing, we hold that the lower court abused its discretion in dismissing Lagondino's claims. Accordingly, we vacate the summary judgment in favor of the Maldonados and remand the case for further proceedings.

I.

On December 4, 1984, Lagondino entered into a construction contract (Contract) with the Maldonados to build them a dwelling

---

[1] Hawaii Rules of Civil Procedure (HRCP) Rule 17(a) provides:

(a) **Real Party in Interest.** Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

for a total price of $193,000. The Contract required Lagondino to obtain a 100% performance bond before commencing work. Lagondino arranged for a bond with Honsador, Inc. (Honsador). Honsador issued a single sheet printed document entitled "Uniform Performance Bond, Assignment of Contract and Agreement," designated "#3302" and dated December 4, 1984 (Document). The Document consists of three parts. On the front of the Document, in the first part entitled "Bond," Lagondino, as principal, and Honsador, as surety, bound themselves to the Maldonados and defendant Crocker Financial Corporation, Ltd. (Crocker), the mortgagee, to complete the construction of the dwelling in accordance with the Contract, free from all liens and claims (Bond). The Bond also provided as follows:

> [T]hat Surety [Honsador] shall not be liable under the Bond unless all payments are made to Principal [Lagondino] (or to Surety in case Owner [the Maldonados] or Mortgagee [Crocker] arranges for completion of said Contract upon default of Principal) in accordance with the terms of said Contract as to payments[.]
>
> *   *   *
>
> In the event the Principal is in default under said Contract, Surety will within twenty (20) days of determination of such default take over and assume completion of said Contract and become entitled to the payment of the balance of the contract price.

Record, Vol. 2 at 33.

The reverse side of the Document contains the other two parts entitled "Assignment and Power of Attorney" and "Agreement," respectively. In the former part, Lagondino assigned to Honsador (Assignment)

> all moneys now due and payable or that may hereafter become due and payable under said Contract, together with all moneys now due and payable or that may hereafter become due and payable to Principal [Lagondino] for extra work and/or extra material now or at any time hereafter furnished by Principal pursuant to the terms of said Contract and/or any alteration or modification thereof.

*Id.* In the third part of the Document designated "Agreement," the

Maldonados agreed "to make all payments due under said Contract to Surety [Honsador]" and to authorize and direct their mortgagee Crocker "to make all payments direct to Surety from funds available by mortgage loan of $193,000.00[.]" *Id.*

When disputes under the Contract arose in September 1985, Lagondino stopped construction on the dwelling prior to its completion. On November 15, 1985, Lagondino filed an Application for Mechanic's and Materialman's Lien (M.L. No. 85-0082) in the circuit court. On September 5, 1986, the court entered its order that a lien of $3,908.50 would attach to the Maldonados' property.

On October 17, 1986, Lagondino filed the instant action against the Maldonados and Crocker. The complaint (1) sought foreclosure of the $3,908.50 mechanic's and materialman's lien; (2) alleged a claim for breach of contract against the Maldonados for failure "to pay for extra allowance items, and the amount remaining due under the [C]ontract," Record, Vol. 1 at 2; and (3) sought the "reasonable value for work performed beyond what was required under the construction contract[.]" *Id.* at 3.

On February 13, 1987, the Maldonados answered and counterclaimed. They also filed a third-party complaint against Honsador and certain subcontractors. Honsador, in turn, counterclaimed against Lagondino.

On June 26, 1987, Honsador and the Maldonados entered into a "Compromise and Settlement Agreement and Mutual Release" (Settlement Agreement). Under the Settlement Agreement, Honsador agreed to pay the Maldonados $30,000 for the dismissal, with prejudice, of the third-party complaint against it.[2] The Settlement Agreement was neither filed with nor approved by the court.

On March 2, 1989, the Maldonados filed a motion for partial summary judgment seeking the dismissal of Lagondino's claims on the ground that he "had no standing to assert the claims asserted in his Complaint[.]" Record, Vol. 2 at 12. The Maldonados argued that since Lagondino had "assigned all his rights to payment under the Construction Contract, and/or any alteration or modification thereof, to Honsador," Lagondino had no standing to sue for payment under the Contract. *Id.*

---

[2] At the time of the settlement, the final $15,600 payment due under the construction contract had been released to Honsador, Inc.

On May 2, 1989, the circuit court issued an order granting the Maldonados' motion and dismissing with prejudice all claims that Lagondino had asserted in his complaint. The order also directed that it was a final judgment pursuant to HRCP Rule 54(b).

## II.

As asserted below, the Maldonados contend that (1) pursuant to the Assignment, Lagondino "assigned all of his rights" under the Contract to Honsador; (2) the assignment was "absolute and unconditional" and "free from ambiguity"; (3) Lagondino, therefore, "has no standing to make the claims asserted in his [c]omplaint" against them; and (4) the summary judgment in their favor was appropriate and proper. We hold that the Maldonados' objection was untimely.

## A.

We note that the Maldonados advance the concept of "standing" in their objection to Lagondino maintaining the action. In our view, their objection should be that Lagondino is not a "real party in interest" under HRCP Rule 17(a). The courts utilize standing doctrines to refrain from determining the merits of a legal claim "on the ground that even though the claim may be correct the litigant advancing it is not properly situated to be entitled to its judicial determination." 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3531 at 338-39 (1984). *See also Bank of Hawaii v. Horwoth,* 71 Haw. 204, 214, 787 P.2d 674, 680 (1990); *Life of the Land v. Land Use Comm'n,* 63 Haw. 166, 172, 623 P.2d 431, 438 (1981). On the other hand, the real party in interest concept under Rule 17(a) "is a means to identify the person who possesses the right sought to be enforced." 6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 1542 at 327 (1990) (footnote omitted).

Accordingly, we analyze this appeal under HRCP Rule 17(a).[3]

---

[3] HRCP Rule 17(a) is identical to Federal Rules of Civil Procedure Rule 17(a).

596

## B.

HRCP Rule 17(a) requires the prosecution of an action "in the name of the party who, by the substantive law, has the right sought to be enforced." 3A J. Moore, J. Lucas & G. Grotheer, Jr., *Moore's Federal Practice* ¶ 17.07 at 17-42 (2d ed. 1989). "The rationale of the rule is to protect the defendant from a multiplicity of suits, to allow defendant to present all his defenses, to protect defendant from multiple liability." *Pace v. General Elec. Co.,* 55 F.R.D. 215, 218 (W.D. Pa. 1972). Since a real party in interest objection under Rule 17(a) "is for the benefit of a defendant, [it] should be raised in a timely fashion or it may be deemed waived." *Audio-Visual Marketing Corp. v. Omni Corp.,* 545 F.2d 715, 719 (10th Cir. 1976).

The Hawaii Rules of Civil Procedure specify neither the procedure to be utilized when objecting that plaintiff is not the real party in interest nor when such objection must be made. Evidently, a HRCP Rule 17(a) objection may be made in defendants' answer as an affirmative defense or by a pretrial motion. *See* 6A Wright, Miller & Kane, *supra* § 1554. However, whatever vehicle is utilized to present the objection, "it should be done with reasonable promptness. Otherwise, the court may conclude that the point has been waived by the delay[.]" *Id.* at 407 (footnotes omitted).

Here, the Maldonados raised their HRCP Rule 17(a) objection by a motion for summary judgment almost two years and five months after Lagondino filed his complaint. Moreover, in this case, Lagondino filed M. L. No. 85-0082 applying for a mechanic's and materialman's lien on November 15, 1985, which the Maldonados vigorously resisted without interposing a real party in interest objection. Clearly, the Maldonados' motion for summary judgment raising an objection under HRCP Rule 17(a) was untimely. *See Hefley v. Jones,* 687 F.2d 1383 (10th Cir. 1982) (when a defendant's Rule 17(a) objection was asserted a year and a half after the complaint was filed, it was deemed untimely). *Cf. United States for use and benefit of Reed v. Callahan,* 884 F.2d 1180, 1183 n.4 (9th Cir. 1989) (a real party in interest objection raised for the first time on appeal is untimely).

The record reveals no countervailing equities favoring the Maldonados. They were signatories to the Agreement portion of the Document dated December 4, 1984, wherein they agreed to make

all payments due under the Contract to Honsador because Lagondino had assigned the Contract proceeds to Honsador. Therefore, they cannot claim ignorance of the assignment and excusable neglect. Neither can they claim prejudice if their motion for summary judgment had been denied. At the time they filed the motion, they had brought Honsador and certain subcontractors into the case, and Honsador had counterclaimed against Lagondino. Consequently, there was no possibility of multiple suits and liability against the Maldonados.

We conclude that the Maldonados' motion for summary judgment raising a real party in interest objection was untimely and therefore waived. Consequently, the lower court abused its discretion in granting the motion.[4]

Judgment vacated and case remanded for further proceedings.

*Edward C. Kemper (Kemper & Watts,* Attorneys at Law, A Law Corporation, of counsel) on the briefs for plaintiff-appellant.

*John R. Dwyer, Jr., Paul A. Schraff* and *Blake W. Bushnell (Dwyer Imanaka & Schraff,* Attorneys at Law, A Law Corporation, of counsel) on the brief for defendants-appellees and third-party plaintiffs.

---

[4] Since we conclude that defendants Reginald and Beverly Maldonado waived their objection under HRCP Rule 17(a), we do not decide the question whether plaintiff Abe Lagondino is a real party in interest based on the assignment and other facts in the case.