**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000045**
**26-JUN-2023**
**08:46 AM**
**Dkt. 83 MO**

NO. CAAP-18-0000045

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PROPERTY CENTER, INC., Managing Agent, Plaintiff-Appellee, v.
JR SUDARIA and SCOTTY GEDDINGS, Defendants-Appellants.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL CASE NO. 1RC17-1-04580)

MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Nakasone and McCullen, JJ.)

Defendants-Appellants JR **Sudaria** and Scotty **Geddings** appeal from the District Court of the First Circuit, Honolulu Division, **Regular Claims'** (1) December 26, 2017 Denial of Defendants' Motion to Set Aside Default Judgment and Stay of Garnishment and (2) January 29, 2018 Order Denying Defendants' Motion to Set Aside Default, Judgment and Stay Garnishment (Filed December 8, 2017).[1]

---

[1] The Honorable James C. McWhinnie presided.

On appeal, Sudaria and Geddings contend that the default judgment was void under Hawaiʻi District Court Rules of Civil Procedure (**DCRCP**) Rule 60(b)(4).  Sudaria and Geddings argue that they were deprived of due process, DCRCP Rule 55 was not satisfied, and they met the requirements under BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76-77, 549 P.2d 1147, 1150 (1976).[2]  For all of these arguments, Sudaria and Geddings primarily rely on the assertion that notice was improper.  For the reasons discussed below, we vacate and remand.

## I.   BACKGROUND

### A.    Small Claims Case – Geddings et al. v. Pirslin
#### (Return of Security Deposit)

Before the complaint in the case underlying this appeal was filed, Sudaria and Geddings (self-represented) filed a complaint on May 30, 2017 in the District Court of the First

---

[2] Sudaria and Geddings also assert that (1) DCRCP Rule 55 was not satisfied because there was no supporting affidavit, the complaint was not verified, "and no one appeared at the hearing" to request a default; and (2) Plaintiff-Appellee Property Center, Inc. (**Property Center**) lacked standing because it was not a real party in interest.  However, these points were not raised in their motion to set aside and, thus, we consider these points waived.  See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal"); Lagondino v. Maldonado, 7 Haw. App. 591, 596, 789 P.2d 1129, 1132-33 (1990) (explaining that "a real party in interest objection raised for the first time on appeal is untimely").

Circuit, **Small Claims** for return of their security deposit from their former landlord Snezana Pirslin (**Pirslin**).[3]

During the August 23, 2017 hearing on the Small Claims matter, Geddings and Sudaria were present, along with Pirslin's property managers, Lynn and Malcolm Shiroma, at District Court in courtroom 10B at 1:36 p.m.[4]  The court minutes stated,

> MRS SHIROMA REPRESENTED THAT SHE AND MR SHIROMA REPRESENT SNEZANA PIRSLIN AND THAT THERE IS A DAMAGES CLAIM AGAINST PLTFFS SET ON 9/5/17 10B.  BY ORDER OF THE COURT, CASE CONTINUED FOR STATUS TO 10/25/17 10B 1:30 PM.  REMINDER NOTICE PROVIDED TO PARTIES.  MRS SHIROMA REQUESTS THAT THE DEFENDANT BE AMENDED TO PROPERTY CENTER INC; DENIED.

(Emphasis added.)

As stated in the court minutes, the Small Claims court continued the Small Claims case to October 25, 2017 "for status" and denied Lynn Shiroma's request that "Defendant be amended to Property Center, Inc."  (Formatting altered.)

**B.   Regular Claims Case - Property Center v. Sudaria et al.**
**(Assumpsit-Money Owed)**

On July 17, 2017, while the Small Claims case was pending, Property Center (represented by counsel), filed a "Complaint (Assumpsit-Money Owed); Declaration; Exhibit(s); Summons" in Regular Claims court.  (Formatting altered.)  In the

---

[3]  We take judicial notice of this Small Claims case, Case Number 1SC17-1-001105.  See Roxas v. Marcos, 89 Hawaiʻi 91, 110 n.9, 969 P.2d 1209, 1228 n.9 (1998) (explaining that "courts have generally recognized that they may, in appropriate circumstances, take notice of proceedings in other courts, both within and without their judicial system, if those proceedings have a direct relation to the matter at issue") (citations and brackets omitted).

[4]  The Honorable Hilary B. Gangnes presided.

Complaint, Property Center asked for judgment in the principal amount of $8,289.65.  Attached to the Complaint were the following:

> (1)  A copy of the rental agreement;
>
> (2)  A revised tenant ledger showing $8,289.65 owed to Property Center ($1,950.00 in rental and late fees, $7,814.65 in repairs, and $75.00 for security key and garage opener replacements, less $1,550.00 security deposit) plus attorney's fees and costs;
>
> (3)  An invoice from PLS Builders showing repair work totaling $7,814.65; and
>
> (4)  A two-page summons.

The first page of the summons required the defendant to appear, stating:

> "IF YOU OR YOUR ATTORNEY FAIL TO ATTEND THE COURT
> HEARING AT THE TIME AND PLACE DESIGNATED, DEFAULT
> AND DEFAULT JUDMGENT WILL BE TAKEN AGAINST YOU
> FOR THE RELIEF DEMANDED IN THE COMPLAINT."

(Formatting altered.)  The second page of the summons identified the location as "Honolulu Division, 1111 Alakea Street, 10th floor Courtroom 10A or 10B" and the time as "1:30 p.m. on the second Monday following date of service[.]"

The return of service stated that the "Complaint (Assumpsit, Summary Possession/Landlord-Tenant, Damages;)

4

Declaration Exhibits(s)" were served on Sudaria and Geddings personally on August 23, 2017, 1:04 p.m. at "1111 Alakea Street 10th Floor Honolulu, Hawaii 96813[,]" which was the same day and place as the hearing in the Small Claims case.  (Formatting altered.)

On September 5, 2017, the day after the second Monday following the service of the Complaint, the court minutes show that neither party appeared, and the Regular Claims court entered default against Sudaria and Geddings:

> "ATTY RICHARD YANAGI NOT PRESENT FOR PLTFF PROPERTY CENTER . . . .  DEFTS JR SUDARIA AND SCOTTY GEDDINGS NOT PRESENT, BY ORDER OF THE COURT, DEFAULT ENTERED-VERIFIED."

In late September 2017, Property Center filed an "Ex Parte Motion for Default Judgment; Declaration; Exhibit(s) 1 through 5; Declaration of Counsel re: Attorney's Fees; Order."[5] (Formatting altered.)  On September 28, 2017, the Regular Claims court granted the Ex Parte Motion for Default Judgment, awarding the principal amount of $8,289.65 requested in the Complaint plus $1,000.00 in attorney's fees and costs, for a total of $9,289.65.  The Regular Claims court entered a default judgment

---

[5]  The document is stamped received by legal documents on September 22, 2017 and stamped filed September 28, 2017.

against Sudaria and Geddings on October 3, 2017, awarding the $9,289.65 requested.

**C.     Post Default Judgment**

**1.     Small Claims Case - Dismissed Without Prejudice**

On October 25, 2017, the return date for the Small Claims case, the court dismissed the case without prejudice.[6] The court minutes note that although Sudaria and Geddings claimed they were not served with the Complaint in the Regular Claims case, the Small Claims court determined they were served and the security-deposit issue was resolved:

> "DEFTS CLAIM JUDGMENT FOR SECURITY DEPOSIT WAS
> ENTERED ON 9/5/2017.  PLTFFS CLAIM THEY WERE NOT
> SERVED WITH THE <u>COMPLAINT</u>.  DURING RECESS COURT
> REVIEWED FILE FROM CASE 1RC17-1-4580, AND
> DETERMINED THAT DEFTS WERE SERVED AND SECURITY
> DEPOSIT ISSUE WAS RESOLVED.  BY ORDER OF THE
> COURT, CASE DISMISSED WITHOUT PREJUDICE."

(Emphasis added.)

**2.     Regular Claims Case - Garnishment and Motion to Set Aside**

In the Regular Claims case, Property Center moved to garnish Sudaria's and Geddings's wages, which was granted.  The return of service for the issuance of the garnishee summons

---

[6]   The Honorable Maura M. Okamoto presided.

shows that Sudaria's and Geddings's employers were served on November 27 and 28, 2017.

A little over a week later, on December 8, 2017, Sudaria and Geddings (still self-represented) filed a motion to "Set Aside Default, Judgment & Stay Garnishment[.]" (Formatting altered.) Sudaria and Geddings left blank the portion of the form that permits the movant to indicate the legal basis for the motion. In a type-written declaration attached to their motion, Sudaria and Geddings stated they "were never informed for any other court date" with a handwritten notation, "Missing Page 2 of Summons - Form 1DC50." (Formatting altered.)

Property Center opposed the motion. At the hearing on the motion, Geddings explained that they appeared for the August 23, 2017 hearing in the Small Claims case and received the summons to appear on September 5, 2017, in the following exchange:

> **[Geddings:]** And when we left that day -- we had explained to the judge, too, that the date of September 5th, we -- that would create a hardship on our -- on our work because we were already taking off time half of the month of September to go to the mainland for a wedding, family wedding. And we would be back at the beginning of October. So that's why she ordered us to come back October 25th on a status and if we had gotten together to discuss what was going on in this dispute.
>
> **[Regular Claims Court:]** Okay. But you were also informed at that time about the date of September 5th for the answer.
>
> **[Geddings:]** Yeah, but we explained the reason why. And, you know, when we received the slip to come back on October 25th, that's where, you know, it -- it became --

>           **[Regular Claims Court:]**  There are two different
> cases, you understand.
>
>           **[Geddings:]**  But we were under the understanding that
> -- or my thought was that if their case were being brought
> into this because they were submit -- their cases was
> subject to our security deposit and why they retained it.
>
>           . . . .
>
>           **[Regular Claims Court:]**  I think you're conflating
> two different cases.  You were told on the one case on
> August 23rd that you had an answer date of September 5th.
>
>           **[Geddings:]**  It was -- I -- we -- were under the
> impression that we were answering that day because we -- <u>we
> recognized that we got the summons but we were not in an
> understanding that we had to come back on the 5th because</u>
> when we --
>
>           **[Regular Claims Court:]**  Well, if you look at the
> papers they're two different cases.
>
>           **[Geddings:]**  I know, Your Honor.
>
>           **[Regular Claims Court:]**  And you didn't show up for
> one of them.
>
>           **[Geddings:]**  That was -- that was complete confusion.
> And on the day that <u>September 5th</u> came we, -- if we were --
> if it would have been explicitly explained that that was a
> necessary thing because <u>we expressed a hardship on that</u>,
> that taking off that, because we -- we had taken so many
> days off beforehand to -- to come down, file motions and we
> just feel like we are due our day in court for a fair trial
> and -- and justice should be served.

(Emphases added.)

The Regular Claims court then found that Sudaria

and Geddings were told of the September 5, 2017 date to

answer, and denied their motion to set aside the default:

>           **[Regular Claims Court:]**  . . . .  [t]he law in Hawaiʻi
> under the case of *BDM, Inc. versus Sageco, Inc.,* a 1976
> case, is that a defendant moving to set aside a default
> judgment must establish that the plaintiff will not be
> prejudiced by setting aside the default judgment, that the
> defendants have a meritorious defense, and that the default
> was not the result of inexcusable neglect or a willful act.

It appears clear that the defendants were told at the August 23 or at the -- the hearing on the -- the -- the small claims case that there was a hearing set for September 5th, the answer date for the case, and that their case, the case on the security deposit, was continued to August [sic] 25th. They did not appear on September 5th.

There was also a lot of argument today that was not in the motion. And the requirement is that they have to establish there's a meritorious defense and that their default was [sic] inexcusable and willful.

And, therefore, based on what I have seen and heard today, I am going to deny the motion[.]

After the Regular Claims court denied their motion to set aside, Sudaria and Geddings moved for reconsideration, which was also denied "as no new arguments or newly discovered evidence has been presented."

Sudaria and Geddings (represented by counsel) appeal from the denial of their motion to set aside the default judgment.

## II.  STANDARDS OF REVIEW

This court reviews DCRCP Rule 60(b)(4) decisions under the de novo standard. See Wagner v. World Botanical Gardens, 126 Hawaiʻi 190, 195, 268 P.3d 443, 448 (App. 2011) (explaining a court's ruling under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b)(4) is reviewed de novo); Commentary to DCRCP Rule 60 (noting the language in DCRCP Rule 60 and HRCP Rule 60 is identical).

Findings of fact are reviewed under the clearly erroneous standard. Bhakta v. Cnty. of Maui, 109 Hawaiʻi 198,

9

208, 123 P.3d 943, 953 (2005). A finding "is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed." Id. (citation omitted). A finding "is also clearly erroneous when the record lacks substantial evidence to support the finding." Id. (citation omitted).

The denial of a motion to set aside an entry of default is reviewed for abuse of discretion. See Chen v. Mah, 146 Hawaiʻi 157, 171, 457 P.3d 796, 810 (2020).

### III. DISCUSSION

Sudaria and Geddings contend they were deprived of due process, DCRCP Rule 55 was not satisfied, and they met the requirements under BDM. For all of these contentions, Sudaria and Geddings primarily rely on the assertion that they did not receive page two of the summons.

Sudaria and Geddings claim in their amended opening brief that "they did not know the answering hearing date and time" and "[b]ecause they did not have this critical information, [they] were not present at their answer hearing . . . ."

10

A.    **Denial Of The Motion To Set Aside Based On DCRCP Rule 60(b)(4) Was Not Error**

Sudaria and Geddings contend they were denied due process because they did not receive page two of the summons, claiming "they did not know the answering hearing date and time."

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." DCRCP Rule 55(c). DCRCP Rule 60(b) provides in relevant part that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void . . . ." DCRCP Rule 60(b)(4).

Whether a judgment is void under DCRCP Rule 60(b)(4) is not discretionary. In re Application of Hana Ranch Co., 3 Haw. App. 141, 146, 642 P.2d 938, 941 (1982) (examining HRCP Rule 60(b)(4)). "It has been noted that a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." Id. (citation omitted).

Under due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an

opportunity to present their objections." Eto v. Muranaka, 99 Hawaiʻi 488, 498, 57 P.3d 413, 423 (2002) (citation omitted); Espinosa v. United Student Aid Funds, Inc., 553 F.3d 1193, 1202 (9th Cir. 2008) (citation omitted).

Here, the Regular Claims court found that Sudaria and Geddings were told about the September 5, 2017 Regular Claims answer date:

> It appears clear that the defendants were told at the August 23 or at the -- the hearing on the -- the -- the small claims case that there was a hearing set for September 5th, the answer date for the case, and that their case, the case on the security deposit, was continued to August [sic] 25th. They did not appear on September 5th.

The record in this case, and the Small Claims case, support this finding. The summons filed in the record on appeal shows a page two, notifying Sudaria and Geddings of when and where to appear.

During the hearing on the motion to set aside the default, Geddings acknowledged receiving the summons at the August 23, 2017 hearing in the Small Claims case, stating, "when we appeared for court on August 23rd and the day we received the summons . . . ." Geddings also acknowledged that he and Sudaria were aware of the September 5, 2017 date, explaining they told the judge in the Small Claims case that the September 5, 2017 date "would create a hardship[.]" Geddings stated, "we had explained to the judge, too, that the date of September 5th, we -- that would create a hardship on our -- on our work because we

were already taking off time half of the month of September to go to the mainland for a wedding[.]"

The Regular Claims court asked, "[b]ut you were also informed at that time about the date of September 5th for the answer[,]" and Geddings answered, "[y]eah, but we explained the reason why." After clarifying that there were two separate cases, the Regular Claims court stated, "[a]nd you didn't show up for one of them[,]" to which Geddings replied "that was complete confusion. And on the day that September 5th came we, -- if we were -- if it would have been explicitly explained that that was a necessary thing because we expressed a hardship on that, that taking off that, because we -- we had taken so many days off beforehand . . . ."

The court minutes for the Small Claims case also support the Regular Claims court's finding that Sudaria and Geddings were told of the September 5, 2017 date. The August 23, 2017 court minutes for the hearing stated, "MRS SHIROMA REPRESENTED THAT SHE AND MR SHIROMA REPRESENT SNEZANA PIRSLIN AND THAT THERE IS A DAMAGES CLAIM AGAINST PLTFFS SET ON 9/5/17 10B." (Emphasis added.) With no mention of the summons, the court minutes for the October 25, 2017 hearing show that Sudaria and Geddings claimed they were not served the *complaint* but the court minutes stated, "DURING RECESS COURT REVIEWED FILE

13

FROM CASE 1RC17-1-4580, AND DETERMINED THAT DEFTS WERE SERVED AND SECURITY DEPOSIT ISSUE WAS RESOLVED."

Based on the record in this case, and the court minutes in the Small Claims case, the finding that Sudaria and Geddings were told of the September 5, 2017 answer date was not clearly erroneous.

With this finding, we cannot say that Sudaria and Geddings were deprived of due process. Instead, the record shows that they were apprised of the Regular Claims case and the September 5, 2017 date to answer in that case.

**B.     As To DCRCP Rule 55 And <u>BDM</u>, Denying The Motion To Set Aside Was An Abuse Of Discretion**

Again relying on their assertion that they did not receive page two of the summons, Sudaria and Geddings argue that the Regular Claims court "erred by denying [their] Motion to set aside the entry of default pursuant to DCRCP 55(c)[,]" and that they satisfied the three <u>BDM</u> factors.

"A civil action is commenced by the filing of a complaint . . . ." DCRCP Rule 3. "Upon the filing of a complaint the clerk shall forthwith issue a summons. Plaintiff shall deliver the complaint and summons to a person authorized to serve process." DCRCP Rule 4(a).

The summons must "be directed to the defendant," "state the time within which these rules require the defendant

14

to appear and defend, and shall notify the defendant that in case of defendant's failure to do so judgment by default will be rendered against the defendant for the relief demanded in the complaint," and "contain a warning to the person summoned that failure to obey the summons may result in an entry of default and default judgment."  DCRCP Rule 4(b).

"All defendants shall appear or answer at the time appointed in the summons, on the second Monday following the date of service . . . ."  DCRCP Rule 12(a) (emphasis added).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and the fact is made to appear by affidavit or otherwise, the clerk shall enter that party's default."  DCRCP Rule 55(a).  For a default judgment by the court, a party entitled to the default judgment "shall apply to the court therefor."  DCRCP Rule 55(b)(2).

In BDM, the Hawaiʻi Supreme Court articulated the standard for granting a motion to set aside entry of default or default judgment.  57 Haw. at 77, 549 P.2d at 1150.

> In general, a motion to set aside a default entry or a
> default judgment may and should be granted whenever the
> court finds (1) that the nondefaulting party will not be
> prejudiced by the reopening, (2) that the defaulting party
> has a meritorious defense, and (3) that the default was not
> the result of inexcusable neglect or a wil[l]ful act.

Id.  Though Chen v. Mah prospectively abrogated this standard, the supreme court held decisions prior to January 30, 2020 on

15

motions to set aside an entry of default would still be reviewed under the three-prong test outlined in BDM. Chen, 146 Hawaiʻi at 177, 177 n.21, 457 P.3d at 816, 816 n.21. Additionally, "if a moving party fails to establish any prong of the test, it is not an abuse of discretion to refuse to set aside the default." 146 Hawaiʻi at 170, 457 P.3d at 809 (brackets omitted) (citing Citicorp Mortg., Inc. v. Bartolome, 94 Hawaiʻi 422, 439, 16 P.3d 827, 844 (App. 2000)).

Regarding the first BDM factor, Property Center acknowledged to the Regular Claims court that "there will be no undue prejudice by setting aside the default judgment."

As for the second BDM factor, Sudaria and Geddings argue they have a meritorious defense because there was no property condition form. Hawaii Revised Statutes § 521-42 (2018) provides in part that

> Prior to the initial date of initial occupancy, the landlord shall inventory the premises and make a written record detailing the condition of the premises and any furnishings or appliances provided. Duplicate copies of this inventory shall be signed by the landlord and by the tenant and a copy given to each tenant. In an action arising under this section, the executed copy of the inventory shall be presumed to be correct. If the landlord fails to make such an inventory and written record, the condition of the premises and any furnishings or appliances provided, upon the termination of the tenancy shall be rebuttably presumed to be the same as when the tenant first occupied the premises.

(Emphasis added.)

The record on appeal contains no property condition form. Thus, the presumption is that the condition of the

16

property at the end of the rental agreement was the same as when the tenants first occupied the property pursuant to the agreement. See Sasaki v. Morisako, 112 Hawaiʻi 302, 309, 145 P.3d 845, 852 (App. 2006) (explaining that, without the required inventory form, "the condition of the property at the termination of the oral rental agreement was presumed to be the same as when Appellants first occupied the property pursuant to the oral agreement").

Although Property Center argues it rebutted this presumption with receipts and photos, it appears the presumption in favor of the tenant could be a meritorious defense in this case. To the extent the Regular Claims court found Sudaria and Geddings failed to show they had a meritorious defense, that finding was clearly erroneous.

Finally, as for the third factor, Sudaria and Geddings argue that "the default occurred when [they] were not notified of the hearing date and time." Contrary to their argument, and as discussed above, the record reflects that Geddings acknowledged they were notified of the answer date and time for the Regular Claims case. Also discussed above, the finding that Sudaria and Geddings were apprised of the answer date was not clearly erroneous.

However, Sudaria and Geddings had no attorney, actively litigated the Small Claims case, explained to the Small

Claims court the hardship regarding the Regular Claims case answer date, and explained to the Regular Claims court that they thought (albeit incorrectly) the continuance in the Small Claims case also applied to the Regular Claims case. Given their self-represented status and the simultaneous cases, it appears Sudaria and Geddings were understandably confused by the court dates.

We pause here to emphasize "that defaults and default judgments are not favored and that any doubt should be resolved in favor of the party seeking relief, so that, in the interests of justice, there can be a full trial on the merits." BDM, 57 Haw. at 76, 549 P.2d at 1150 (emphases added). In other words, any doubt as to whether the failure to appear on September 5, 2017 was due to inexcusable neglect or a willful act should have been resolved in favor of Sudaria and Geddings. See generally, 57 Haw. at 76, 77, 549 P.2d at 1150. The court, however, made no mention of how this reasoning factored in its ruling, and made no credibility determination.

Thus, to the extent the Regular Claims court found that Sudaria and Geddings failed to meet their burden of proving their non-appearance was not due to inexcusable neglect or a willful act, we are "left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed." Bhakta, 109 Hawai'i at 208, 124 P.3d at 953.

18

Accordingly, based on the particular circumstances in this case, we hold that the Regular Claims court's denial of Sudaria and Geddings's motion to set aside the entry of default was an abuse of discretion, and must be vacated. Because the default judgment was based on the entry of default, it must also be vacated.

## IV.  CONCLUSION

In conclusion, we vacate the Regular Claims court's (1) December 26, 2017 Denial of Defendants' Motion to Set Aside Default Judgment and Stay Garnishment and (2) January 29, 2018 Order Denying Defendants' Motion to Set Aside Default, Judgment and Stay Garnishment (Filed December 8, 2017), and remand this case for further proceedings consistent with this memorandum opinion.

DATED:  Honolulu, Hawai'i, June 26, 2023.

On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
Justin A. Brackett,
For Defendants-Appellants.              /s/ Karen T. Nakasone
                                        Associate Judge
Richard A. Yanagi,
Michel A. Okazaki,                      /s/ Sonja M.P. McCullen
for Plaintiff-Appellee.                 Associate Judge

19