MORTON E. BASSAN, JR., Plaintiff-Appellee, *v.* DAVID H. HOLZMAN, Individually and as President of ALOHA PRODUCE CORPORATION, Defendant-Appellant

NO. 8492

(CIVIL NO. H81-2084)

JANUARY 28, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant David Holzman (Holzman), as an individual and as President of Aloha Produce Corporation, appeals the lower court's denial of his Rule 60(b)(1), District Court Rules of Civil Procedure (DCRCP) (1972, as amended), motion to set aside a default judgment entered against him in favor of plaintiff Morton Bassan (Bassan).

The issue is whether the court abused its discretion in refusing to set aside the default judgment. We hold that the lower court abused its discretion when it decided not to set aside the default judgment upon the precondition that Holzman reimburse Bassan the expenses reasonably incurred by Bassan for his wasted court appearances.

Bassan, proceeding pro se, brought suit in the First Circuit District Court against Holzman.[1] Bassan's suit alleged that Holzman

---

[1] Bassan sued Holzman "Individually and as President of Aloha Produce Corporation." At oral argument Bassan stated that he was suing Holzman and Aloha Produce Corporation.

owed him $1,783.00 for produce and supplies. Service was effected on May 15, 1981. On the return day, May 26, 1981, Holzman failed to appear. On May 27, 1981, a Rule 55(b)(2), DCRCP (1972, as amended), proof hearing was held and a $1,566.47 judgment was entered against Holzman. On June 8, 1981, Holzman filed a motion to set aside the default and on September 18, 1981 a hearing was held on the motion. At the hearing, defendants' attorney stated that he showed up on June 1, 1981, thinking that was the return day, and was informed that judgment had already been entered. Holding that there was no sufficient basis upon which to set aside the judgment, the court denied the motion.

Rule 60(b)(1), DCRCP, motion to set aside a default judgment is addressed to the sound discretion of the court. The test to be applied in determining whether the court below abused its discretion is stated in *BDM, Inc. v. Sageco, Inc.*, 57 Haw. 73, 549 P.2d 1147 (1976):

> In general, a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the non-defaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.

57 Haw. at 77, 549 P.2d at 1150.

Here the only question is whether Holzman satisfied requirement (3). In our view, the lower court erred in deciding that Holzman's neglect was inexcusable.

The motion should have been granted. However, Rule 60(b), DCRCP, specifically authorizes the court to grant motions under it "upon such terms as are just," and the granting of Holzman's motion should have been conditioned upon Holzman's prompt and prior reimbursement of Bassan's reasonable expenses incurred with respect to his extra trips to Honolulu caused by Holzman's neglect. Bassan is a resident of Naalehu, Hawaii, and Holzman's neglect appears to have caused him two round trip flights to Honolulu, ground transportation costs, and lodging expenses while he was in Honolulu.

This court allowed Bassan from December 1, 1982 to January 15, 1983 to file his affidavit of reasonable expenses but to date he has not done so.

Therefore, we reverse and remand this case to the lower court

with instructions to unconditionally set aside the default without prejudice to Bassan's right to seek an order from the lower court requiring Holzman to reimburse Bassan's reasonable expenses incurred with respect to his trips to Honolulu in May and September, 1981.

Reversed and remanded for further proceedings consistent with this opinion.

*James F. Nagle (T. Irving Chang* with him on the briefs) for defendant-appellant.

*Morton Bassan, Jr., pro se* plaintiff-appellee.