**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000132
01-MAY-2024
08:06 AM
Dkt. 47 SO**

NO. CAAP-19-0000132

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WILLIAM H. CARTER, individually and as Successor Trustee of the Coolidge Carter and Mary Trenery Carter Trust No. Three for William H. Carter, established February 5, 1974, Plaintiff-Appellee,
v.
JOANNE K. SHIELDS, Defendant-Appellant; ASSOCIATION OF APARTMENT OWNERS OF KONA MAKAI, Defendant-Appellee, and
DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC16100287K)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Joanne K. **Shields** appeals from the **"Final Judgment** as to All Parties and All Claims" entered by the Circuit Court of the Third Circuit on February 13, 2019.[1]  We vacate in part as against Shields, affirm in part as against the Association of Apartment Owners of Kona Makai, and remand for further proceedings.

William H. **Carter**, the successor trustee of the Coolidge Carter and Mary Trenery Carter Trust No. Three for William H. Carter, established February 5, 1974, filed the

---

[1]     The Honorable Henry T. Nakamoto presided.

complaint below on September 8, 2016. A process server in California tried to serve Shields, but was told she had moved to India. The circuit court granted Carter's motion to serve Shields by publication. The affidavit of publication was filed on April 18, 2017. Shields did not appear at the May 10, 2017 return hearing. Her default was entered on June 7, 2017.

Carter moved for a default judgment against Shields. The circuit court entered findings of fact, conclusions of law, and an order granting default judgment on September 28, 2017. A judgment was also entered on September 28, 2017.

Shields moved to set aside the default judgment on October 20, 2017. An order was entered on December 8, 2017.[2] The order conditioned setting the judgment aside on Shields paying "the reasonable attorneys' fees and costs incurred by [Carter]" and filing an answer to the complaint within 20 days. Shields' answer to Carter's complaint was filed on December 28, 2017. On February 16, 2018, the circuit court entered an order requiring that Shields pay Carter $12,266.07 in attorneys fees and $2,367.07 in costs within 30 days.

Shields moved for reconsideration of the February 16, 2018 order. An order denying reconsideration was entered on April 24, 2018. A judgment for possession and writ of possession were entered on December 6, 2018. The Final Judgment was entered on February 13, 2019. This appeal followed.

Shields challenges the circuit court's (1) June 7, 2017 entry of her default; (2) September 28, 2017 "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Default Judgment"; (3) February 16, 2018 "Order"; and (4) April 24, 2018 "Order Denying Defendant Joanne K. Shields' Motion to Reconsider Order Entered February 16, 2018."[3]

---

[2]     The Honorable Robert D.S. Kim presided.

[3]     Shields also challenges two of the circuit court's minute orders, but minute orders are not appealable orders. Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 321 & n.3, 966 P.2d 631, 633 & n.3 (1998).

2

**(1)** Shields contends the circuit court erred by entering her default. The published summons required Shields to either appear at a May 10, 2017 return hearing or to file and serve "an answer or other pleading" before that date. Shields did neither. She argues that she sent a "written settlement offer" which Carter's counsel acknowledged receiving. A written settlement offer is not a pleading under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 7(a). The circuit court did not err by entering Shields' default.

**(2)** Shields' appeal from the September 28, 2017 "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Default Judgment" is moot because the circuit court granted her motion to set aside the default judgment by order entered on December 8, 2017, from which Carter has not appealed.

**(3)** Shields contends the circuit court erred by conditioning the setting aside of the default judgment on Shields paying Carter's attorneys fees. We review for abuse of discretion. James B. Nutter & Co. v. Namahoe, 153 Hawaiʻi 149, 161-62, 528 P.3d 222, 234-35 (2023).

After hearing argument from counsel, the circuit court stated its intent "to grant the motion with the provision that [Shields] pay the reasonable attorney's fees and costs incurred by [Carter.]" Shields argues that the circuit court erroneously "imposed a fourth (4th) condition for setting aside a default" in addition to the three in BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976), abrogated on other grounds by Chen v. Mah, 146 Hawaiʻi 157, 457 P.3d 796 (2020). HRCP Rule 60(b) gives the circuit court discretion to grant relief from a judgment "upon such terms as are just." Applying the materially identical District Court Rules of Civil Procedure Rule 60(b), we noted that requiring a defaulted defendant to reimburse a plaintiff's reasonable expenses incurred *because of the defendant's neglect* would be just and proper. Bassan v. Holzman, 3 Haw. App. 677, 678, 657 P.2d 1065, 1066 (1983).

The circuit court did not abuse its discretion by conditioning the setting aside of the default judgment on Shields paying Carter's attorneys fees and costs. However, the court should have limited reimbursement to fees and costs incurred because of Shields' neglect — that is, only those directly incurred for the preparation, filing, and hearing of Carter's motion for default judgment. The documentation filed by Carter's counsel shows that the amount of the award reflected fees and costs other than those incurred for the motion for default judgment. Accordingly, we vacate the portion of the February 16, 2018 Order awarding Carter $12,266.07 in attorneys fees and $2,367.07 in costs, without prejudice to Carter submitting an amended request for fees and costs that complies with this summary disposition order.

(4) Because the circuit court acted outside its discretion in ordering reimbursement of Carter's attorneys fees and costs other than those incurred for his motion for default judgment, the circuit court should have granted reconsideration to that extent.

For these reasons, we vacate in part the February 13, 2019 "Final Judgment as to All Parties and All Claims" as against Shields, affirm in part as against the Association of Apartment Owners of Kona Makai, and remand this case for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, May 1, 2024.

On the briefs:

Stephen D. Whittaker,
for Defendant-Appellant.

Robert D. Triantos,
Michelle Chi Dickinson,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge