**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000341
16-JUN-2025
07:47 AM
Dkt. 70 SO**

NO. CAAP-23-0000341

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STUART B. **GLAUBERMAN**, by his Managing Agent,
KFG PROPERTIES, INC., Plaintiff-Appellee, v.
CELESTE M. GONSALVES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KOʻOLAUPOKO DIVSION
(CASE NO. 1DRC-21-0002121)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Celeste M. **Gonsalves**, representing herself, appeals from the March 4, 2024 **Judgment** for Stuart B. **Glauberman** entered by the District Court of the First Circuit, Koʻolaupoko Division.[1]  Gonsalves challenges **(1)** the April 12, 2023 denial of her motion to continue the April 14, 2023 trial on Glauberman's damage claims,[2] and **(2)** the May 9, 2023 order denying her motion to set aside her default.[3]  We affirm.

Glauberman sued Gonsalves on March 3, 2021, for refusing to vacate rented premises after being given a 45-day notice terminating her tenancy.  A judgment for possession and

_____

[1]     The Honorable Shellie K. Park-Hoapili presided.

[2]     The Honorable Karin L. Holma presided.

[3]     The Honorable James C. McWhinnie presided.

writ of possession were entered on September 29, 2021.[4] Gonsalves appealed. We affirmed. <u>Glauberman v. Gonsalves</u>, No. CAAP-21-0000536 & No. CAAP-21-0000545, 2024 WL 244468 (Haw. App. Jan. 19, 2024), <u>cert. rejected</u>, SCWC-21-0000536, 2024 WL 2669093 (Haw. May 24, 2024).

The trial date for Glauberman's damage claims was set and continued several times. It was ultimately set for April 14, 2023. On April 12, 2023, Gonsalves again moved to continue the trial. The motion was denied. Gonsalves went to the courthouse on April 14, 2023, but left and did not appear for the trial. The district court conducted a proof hearing and ordered judgment by default for $43,417.20.

Gonsalves moved to set aside her default on April 17, 2023. The motion was heard on May 5, 2023. The order denying the motion was entered on May 9, 2023. Gonsalves filed her notice of appeal on May 10, 2023. The Judgment was entered on March 4, 2024, on a temporary remand.

**(1)** Gonsalves contends the district court erred by denying her April 12, 2023 motion to continue the April 14, 2023 trial date. After the district court denied a continuance, Gonsalves went to the courthouse and checked in with the bailiff on April 14, 2023. She says she was "very distraught and [c]onstantly experiencing an ongoing [p]anic [a]ttack." She says the bailiff asked if she needed medical attention. She said she got "more scared" and instead asked the bailiff to show the judge a "letter and verifying documents, but he refused." The bailiff's refusal was appropriate because ex parte communication with the court is not allowed. She was instructed to wait until her case was called. She says her panic attack worsened; she told the bailiff she was not well and needed to get medical treatment; and left the courtroom before her case was called. She could have explained her situation to the presiding judge after her case was called, but she did not. Under these

---

[4]         Judge Holma presided.

circumstances, and given the several prior continuances, the district court's denial of Gonsalves' motion to continue was not an abuse of discretion.

**(2)** Gonsalves contends the district court erred by denying her motion to set aside her default. We review for abuse of discretion. Bassan v. Holzman, 3 Haw. App. 677, 678, 657 P.2d 1065, 1065-66 (1983).

A motion to set aside a default judgment is subject to District Court Rules of Civil Procedure (**DCRCP**) Rule 60(b). Bassan, 3 Haw. App. at 678, 657 P.2d at 1065-66. The moving party must show three things: (1) the nondefaulting party will not be prejudiced by the reopening, (2) the defaulting party has a meritorious defense, and (3) the default was not the result of inexcusable neglect or a wilful act. Id. at 678, 657 P.2d at 1066; cf. Chen v. Mah, 146 Hawaiʻi 157, 173, 457 P.3d 796, 812 (2020) (describing "three-prong test applicable to motions to set aside default judgments under [Hawaiʻi Rules of Civil Procedure] Rule 60(b)"). The elements are conjunctive; failure to establish one will result in relief being denied. Chen, 146 Hawaiʻi at 174, 457 P.3d at 813.

Gonsalves had the burden to show she had a meritorious defense to Glauberman's damage claims. Gonsalves did not request the trial transcript for the record on appeal, but the record shows the district court awarded Glauberman $42,402.20 for rent, $350.00 for repairs, and $665.00 for locksmith costs. Gonsalves's moving papers discussed her mental health and her father's death, but offered no evidence she did not owe rent or was not responsible for repair or locksmith costs.

Gonsalves argues she "was not properly served" with Glauberman's opposition. Rules of the District Court Rule 7 requires that an opposition to a motion be filed and served "not later than 72 hours" before the time set for the hearing. The hearing on Gonsalves's motion was set for 9:30 a.m. on May 5, 2023. Glauberman's opposition was filed at 6:19 a.m. on May 3, 2023. It was untimely. It was served on Gonsalves by email,

which is not allowed by DCRCP Rule 5(b). But there was no harm to Gonsalves because her moving papers didn't satisfy her burden to show she had a meritorious defense to Glauberman's damage claims.

Gonsalves made representations to the district court, and argues that the court did not view her exhibits. But during the hearing on her motion she stated she didn't file her exhibits. She has not provided a citation to the record on appeal where her exhibits, or any other documents supporting the representations she made to the district court, may be found. We are not obligated to search the record for information that should have been provided by Gonsalves. <u>Hawaii Ventures, LLC v. Otaka, Inc.</u>, 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007). We conclude that the district court acted within its discretion by denying Gonsalves's motion to set aside the default judgment after she failed to meet her burden of proving she had a meritorious defense to Glauberman's damage claims.

The Judgment entered by the district court on March 4, 2024, is affirmed.

DATED: Honolulu, Hawaiʻi, June 16, 2025.

On the briefs:

Celeste M. Gonsalves,
Self-represented
Defendant-Appellant.

Stuart B. Glauberman,
Self-represented
Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge